ALBANY,
January, 1822.

GUILLE
v.
SWAN.

CHARLES GUILLE *against* SWAN.

IN ERROR, on *certiorari*, to the Justices' Court in the city of *New-York*. *Swan* sued *Guille* in the Justice's Court, in an action of trespass, for entering his close, and treading down his roots and vegetables, &c. in a garden in the city of *New-York*. The facts were, that *Guille* ascended in a balloon in the vincinity of *Swan's* garden, and descended into his garden. When he descended, his body was hanging out of the car of the balloon in a very perilous situation, and he called to a person at work in *Swan's* field, to help him, in a voice audible to the pursuing crowd. After the balloon descended, it dragged along over potatoes and radishes, about thirty feet, when *Guille* was taken out. The balloon was carried to a barn at the farther end of the premises. When the balloon descended, more than two hundred persons broke into *Swan's* garden through the fences, and came on his premises, beating down his vegetables and flowers. The damage done by *Guille*, with his balloon, was about fifteen dollars, but the crowd did much more. The plaintiff's damages, in all, amounted to ninety dollars. It was contended before the Justice, that *Guille* was answerable only for the damage done by himself, and not for the damage done by the crowd. The Justice was of the opinion, and so instructed the jury, that the defendant was answerable for all the damages done to the plaintiff. The jury, accordingly, found a verdict for him, for .90 dollars, on which the judgment was given, and for costs.

The cause was submitted to the Court on the return, with the briefs of the counsel, stating the points and authorities.

SPENCER, Ch. J. delivered the opinion of the Court. The counsel for the plaintiff in error supposes, that the injury committed by his client was involuntary, and that done by the crowd was voluntary, and that, therefore, there was garden, either from a desire to assist him, or to gratify a curiosity which he had excited, he was answerable in trespass for all the damage done to the garden of the plaintiff.

*Marginal note:* If an act done, cause immediately injury, whether it be intentional or not, trespass lies; and if done by the co operation of several persons, all are trespassers, and all may be sued jointly, or one is liable for the injury done by all; but it must appear, that they acted in concert, or that the act of the one sued, ordinarily and naturally, produced the acts of the others. As, where the defendant, G., ascended in a balloon, which descended a short distance from the place of ascent, into the plaintiff's garden; and the defendant, being entangled, and in a perilous situation, called for help, and a crowd of people broke through the fences into the plaintiff's garden, and beat and trod down his vegetables and flowers: *Held*, that though ascending in a balloon was not an unlawful act; yet, as the defendant's descent under the circumstances, would ordinarily and naturally draw the crowd into the

no union of intent; and that, upon the same principle which would render *Guille* answerable for the acts of the crowd, in treading down and destroying the vegetables and flowers of *S.*, he would be responsible for a battery, or a murder committed on the owner of the premises.

The *intent* with which an act is done, is by no means the test of the liability of a party to an action of trespass. If the act cause the immediate injury, whether it was intentional, or unintentional, trespass is the proper action to redress the wrong. It was so decided, upon a review of all the cases, in *Percival* v. *Hickey*. (18 *Johns. Rep.* 257.) Where an immediate act is done by the co-operation, or the joint act of several persons, they are all trespassers, and may be sued jointly or severally; and any one of them is liable for the injury done by all. To render one man liable in trespass for the acts of others, it must appear, either that they acted in concert, or that the act of the individual sought to be charged, ordinarily and naturally, produced the acts of the others. The case of *Scott* v. *Shepard*, (2 *Black. Rep.* 892.) is a strong instance of the responsibility of an individual who was the first, though not the immediate, agent in producing an injury. *Shepard* threw a lighted squib, composed of gunpowder, into a market house, where a large concourse of people were assembled; it fell on the standing of *Y.*, and to prevent injury, it was thrown off his standing, across the market, when it fell on another standing; from thence, to save the goods of the owner, it was thrown to another part of the market house, and in so throwing it, it struck the plaintiff in the face, and, bursting, put out one of his eyes. It was decided, by the opinions of three Judges against one, that *Shepard* was answerable in an action of trespass, and assault and battery. *De Grey*, Ch. J. held, that throwing the squib was an unlawful act, and that whatever mischief followed, the person throwing it was the author of the mischief. All that was done subsequent to the original throwing, was a continuation of the first force and first act. Any innocent person removing the danger from himself was justifiable; the blame lights upon the first thrower; the new direction and new force, flow out of the first force. He laid it down as a principle,

that every one who does an unlawful act, is considered as the doer of all that follows. A person breaking a horse in *Lincolns-Inn-Fields*, hurt a man and it was held, that trespass would lie. In *Leame* v. *Bray*, (3 *East Rep.* 595.) Lord *Ellenborough* said, if I put in motion a dangerous thing, as if I let loose a dangerous animal, and leave to hazard what may happen, and mischief ensue, I am answerable in trespass; and if one (he says) put an animal or carriage in motion, which causes an immediate injury to another, he is the actor, the *causa causans*.

I will not say that ascending in a balloon is an unlawful act, for it is not so; but, it is certain, that the *Æronaut* has no control over its motion horizontally; he is at the sport of the winds, and is to descend when and how he can; his reaching the earth is a matter of hazard. He did descend on the premises of the plaintiff below, at a short distance from the place where he ascended. Now, if his descent, under such circumstances, would, ordinarily and naturally, draw a crowd of people about him, either from curiosity, or for the purpose of rescuing him from a perilous situation; all this he ought to have foreseen, and must be responsible for. Whether the crowd heard him call for help, or not, is immaterial; he had put himself in a situation to invite help, and they rushed forward, impelled, perhaps, by the double motive of rendering aid, and gratifying a curiosity which he had excited. Can it be doubted, that if the plaintiff in error had beckoned to the crowd to come to his assistance, that he would be liable for their trespass in entering the enclosure? I think not. In that case, they would have been co-tresspassers, and we must consider the situation in which he placed himself, voluntarily and designedly, as equivalent to a direct request to the crowd to follow him. In the present case, he did call for help, and may have been heard by the crowd; he is, therefore, undoubtedly, liable for all the injury sustained.

Judgment affirmed.