MUNGER v. BAKER, appellant.

*Malicious trespass — liability of trespasser to persons injured.*

The defendant, with the intention of injuring the property of a railway company, uncoupled a loaded train. The plaintiff, an employee of the company, without his own fault or that of those in charge of the train, was injured in consequence of defendant's act.

*Held,* that defendant was liable for such injury.

If a person commits a willful and malicious trespass upon the property of another, under circumstances involving unavoidable injury to persons and property, he is responsible to any person injured by such trespass.

THIS action was brought to recover damages claimed by plaintiff to have been suffered or sustained by him by injury to one of his hands, in consequence of the pulling out of the coupling pins which fastened certain railway cars together, used by the New York and Erie Railway Company.

· The plaintiff was an employee of said railway company, and it was his duty to hitch and couple cars as required, and in the ordinary discharge of his duties at the time and place stated he received the injury for which this action was brought, by reason of the uncoupling, by the defendant, of some of the cars of the railway company standing on a side track near the defendant's premises, and composing part of a train of eighteen loaded cars, so standing and left standing on the said track over night. ·

The complaint charged, and the evidence tended to prove, that the defendant at the time, etc., secretly and with the wanton and malicious purpose to injure and destroy the property of the said railway company, and obstruct the running of trains upon said railway, pulled out, removed, and threw away the pins used in coupling together the cars of said train. The cause was tried at the Wyoming circuit, and a verdict rendered for the plaintiff for $400, upon which judgment was rendered from which defendant appealed to this court.

*A. J. Lorish,* for appellant.

*C. T. Bartlett,* for respondent.

E. D. SMITH, J.   That part of the charge of the circuit judge as follows: " That if the defendant took the pins out of the cars in the loaded train, and in the ordinary use and management of the trains without any want of care or inattention on the part of the plaintiff, or any other person, in charge or management or use of the train, the plaintiff sustained this injury by reason of such removal of the pins from the cars, as described by the witnesses, in the effort to couple the cars and in the ordinary discharge of his duties to the railway company, then the defendant is liable," presents the point upon which the case turned at the circuit, and the chief point raised by the exception upon the appeal.

That this part of the charge of the circuit judge is substantially correct and sound, it seems to me, scarcely admits of a doubt.   The law has long been settled, I think, that if a person commits, as the defendant clearly did in this case, a willful and malicious trespass upon the property of another, under circumstances involving unavoidable injury to persons and property, he is responsible to any person injured by such trespass.

Judge BRONSON states the rule very clearly in his terse language in *Vanderburgh* v. *Truax*, 4 Denio, 465, as follows: " It may be laid down as a general rule, that when one does an illegal or mischievous act, which is likely to prove injurious to others, and when he does a legal act in such careless and improper manner that injury to third persons may probably ensue, he is answerable for all the consequences which may directly and naturally result from his conduct, and in many cases he is answerable criminally as well as civilly. It is not necessary that he should intend to do the particular injury which follows, nor, indeed, any injury at all."

This extract from said opinion states the law applicable to this case in substance as stated by the circuit judge.   This is the same rule asserted in the case of *Scott* v. *Shepherd*, 2 W. Black. 892; S. C., 3 Wilson, 403, where the defendant threw a lighted squib into the market house and it first fell upon the stand of one Yates, and was then thrown to the stand of one Willis, and then to that of Royal, and then to another part of the market, when it struck the plaintiff and put out his eye.   The same rule was asserted in *Guille* v. *Swan*, 19 Johns. 381, and in many other cases since.   These are leading cases stating the rule with unquestioned correctness.

The point chiefly pressed upon us in the argument was, that the injury sustained by the plaintiff was not the proximate result of

the uncoupling of the cars; that it was not the natural consequence of the act complained of. The case of *Ryan* v. *New York Central R. R.*, 35 N. Y. 210, and the other cases referred to in the counsel's points in support of the rule of liability contended for, were cases of negligence or cases arising upon contract where the question was, what was the proper rule of damages. They do not apply to cases of willful wrongs. In the opinion of Judge HUNT in *Ryan* v. *New York Central R. R.*, *supra*, this distinction is recognized, and the cases of *Vanderbergh* v. *Truax, Scott* v. *Shepherd*, and *Guile* v. *Swan*, *supra*, referred to without disapproval. In respect to the case of *Vanderbergh* v. *Truax*, the learned judge said of it, that "the principle adopted by the court was unquestionably sound." The uncoupling of the cars in this case was an unlawful interference with such cars and obviously designed for mischief, and involved naturally, if not necessarily, just such consequences as did ensue from such unlawful act.

The defendant must have known that some person might be injured by such act, and is upon this principle liable for the consequences to any one so injured by his willful trespass. The jury have found upon a proper submission of the case to them, upon the evidence, that the plaintiff while in the ordinary exercise and discharge of his duties in connection with said train of cars, and without any fault on his part or want of care or inattention on the part of any one in charge of said train, suffered the injuries for which said action was brought.

The exceptions to the charge of the judge, and to his refusals to charge as requested, are not well taken; and the judgment should be affirmed.

*Judgment affirmed.*