HELEN PALSGRAF, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

Second Department, December 9, 1927.

Railroads — injuries to passengers — action for injuries suffered by plaintiff while she was awaiting train at defendant's station which injuries were caused by explosion of fireworks dropped by another passenger — other passenger attempted to board moving train and was assisted by defendant's employees — verdict for plaintiff proper.

The plaintiff, while at the passenger station of the defendant awaiting her train, was injured through the explosion of fireworks which were dropped by a passenger who was endeavoring to board a moving train and who was being assisted in his efforts by two of defendant's servants. While it does not appear that the passenger had any authority to carry explosives under the Code of Ordinances of the City of New York, still it does not appear that the provisions of the Code of Ordinances (chap. 10, art. 6, § 92, subd. 6) were violated.

The verdict of the jury in favor of the plaintiff is proper, since the jury might well have found that the act of the other passenger in undertaking to board the moving train was negligent, and that the acts of the defendant's employees in assisting him while he was engaged in a negligent act were also negligent. It is no defense that the employees were not chargeable with notice of the contents of the bundle carried by the other passenger.

LAZANSKY, P. J., and YOUNG, J., dissent, with opinion.

APPEAL by the defendant, The Long Island Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the

31st day of May, 1927, upon the verdict of a jury for $6,000, and also from an order entered in said clerk's office on the 27th day of May, 1927, denying defendant's motion for a new trial made upon the minutes.

*William McNamara* [*Joseph F. Keany* with him on the brief], for the appellant.

*Matthew W. Wood,* for the respondent.

SEEGER, J.   The action was brought to recover damages resulting from negligence.   The plaintiff was a passenger intending to take a train of the defendant at the defendant's East New York passenger station on the 24th day of August, 1924.   While plaintiff was at the station waiting for her train, another train came into the station.   After this train had started from the station, two young men came up and undertook to board it while the train was in motion.   One of these men had a bundle under his arm. Two of the defendant's employees undertook to help him on the train while it was in motion, one of them the trainman and the other the man on the platform.   During their efforts to assist the man onto the moving train these men knocked the bundle out from under the passenger's arm and it fell under the train.   The bundle contained explosive fireworks which exploded and caused a large scale, near which the plaintiff was standing, to be thrown against the plaintiff, severely injuring her.   There was no evidence to show that the passenger carrying the bundle had any authority or permit under the Code of Ordinances of the City of New York to carry or transport fireworks, or of the value of the fireworks, and it does not appear that the provisions of such Code of Ordinances were violated.   (Code of Ordinances of City of N. Y. chap. 10, art. 6, § 92, subd. 6.)

The defendant contends that the accident was not caused by the negligence of the defendant.

The sole question of defendant's negligence submitted to the jury was whether the defendant's employees were " careless and negligent in the way they handled this particular passenger after he came upon the platform and while he was boarding the train." This question of negligence was submitted to the jury by a fair and impartial charge and the verdict was supported by the evidence.   The jury might well find that the act of the passenger in undertaking to board a moving train was negligent, and that the acts of the defendant's employees in assisting him while engaged in that negligent act were also negligent.   Instead of aiding or assisting the passenger engaged in such an act, they might better have discouraged and warned him not to board the moving train.

It is quite probable that without their assistance the passenger might have succeeded in boarding the train and no accident would have happened, or without the assistance of these employees the passenger might have desisted in his efforts to board the train. In any event, the acts of defendant's employees, which the jury found to be negligent, caused the bundle to be thrown under the train and to explode. It is no answer or defense to these negligent acts to say that the defendant's employees were not chargeable with notice that the passenger's bundle contained an explosive. While there seems to be no precedent for this case, every case must stand upon its own facts. In principle the case is similar to the squib case (*Scott* v. *Shepherd*, 2 Wm. Bl. 892), where a lighted squib was thrown in or near a crowd of people, and it was successively thrown by two or more persons until it landed upon and burned the plaintiff; or the negro boy case (*Vandenburgh* v. *Truax*, 4 Den. 464), where a boy in escaping a threatened attack of the party pursuing him ran against and knocked out the faucet of a cask of valuable wine, destroying it. The pursuing party was held liable for the loss. Also the balloon case (*Guille* v. *Swan*, 19 Johns. 381), where the defendant, while in a balloon, descended in a garden under circumstances which tended to invite people to go to his assistance and in doing so the vegetables in plaintiff's garden were trampled upon and destroyed, for which the defendant was held liable.

It must be remembered that the plaintiff was a passenger of the defendant and entitled to have the defendant exercise the highest degree of care required of common carriers.

The judgment and order appealed from should be affirmed, with costs.

HAGARTY and CARSWELL, JJ., concur; LAZANSKY, P. J., with whom YOUNG, J., concurs, dissents and reads for reversal.

LAZANSKY, P. J. (dissenting). The facts may have warranted the jury in finding the defendant's agents were negligent in assisting a passenger in boarding a moving train in view of the fact that a door of the train should have been closed before the train started, which would have prevented the passenger making the attempt. There was also warrant for a finding by the jury that as a result of the negligence of the defendant a package was thrown between the platform and train, exploded, causing injury to plaintiff, who was on the station platform. In my opinion, the negligence of defendant was not a proximate cause of the injuries to plaintiff. Between the negligence of defendant and the injuries, there intervened the negligence of the passenger carrying the package con-

taining an explosive. This was an independent, and not a concurring act of negligence. The explosion was not reasonably probable as a result of defendant's act of negligence. The negligence of defendant was not a likely or natural cause of the explosion, since the latter was such an unusual occurrence. Defendant's negligence was a cause of plaintiff's injury, but too remote.

The judgment should be reversed, with costs to the appellant, and the complaint dismissed, with costs.

YOUNG, J., concurs.

Judgment and order affirmed, with costs.