ROCHESTER GAS AND ELECTRIC CORPORATION, Appellant, *v.* WILLIAM DUNLOP, Respondent.

County Court, Monroe County, September 6, 1933.

*Whitman, Dey & Nier* [*George D. Ogden* of counsel], for the appellant.

*Raines & Raines* [*Charles J. O'Brien* of counsel], for the respondent.

LYNN, J. In July, 1931, the plaintiff was the owner of an electric transmission line, crossing through the town of Brighton, at the intersection of the Barge canal with the East Henrietta road, so called. This line was carried on steel towers, fifty feet high. On the fourteenth day of the month, at about ten o'clock at night, the defendant, who was flying an aeroplane in the vicinity, crashed against the tower, bending it over and damaging it to the amount, as claimed, of $545, to recover which this action was brought, plaintiff alleging, in two separate counts, negligence and trespass. The defendant counterclaimed, but no appeal has been taken from the dismissal of the counterclaim in the court below, so no question concerning it arises upon this appeal. At the close of the plaintiff's case the court dismissed the cause of action based on negligence, and, after the proofs were in, submitted the question of trespass to the jury, having denied the plaintiff's motion for a direction of verdict for the amount of damages sustained. It was the plaintiff's con-

tention that a trespass had been committed as a matter of law; and the question was properly raised by the motion, and the request to charge and exceptions to the charge. The jury found for the defendant.

The defendant's evidence was to the effect that he was flying about 2,000 feet high, from Penn Yan to Rochester, intending to land at the Rochester airport, when, as he was within three or four miles of the airport, his engine, from some unknown cause, stopped. In his attempt to make a landing, and not seeing the tower in the night time, he came against it. The plaintiff, of course, offered no evidence as to the cause of the collision.

The plaintiff claimed, in the court below, the right to recover on the basis of negligence, on the theory of *res ipsa loquitur*, and raises that point upon appeal. For reasons shown hereafter, I am of the opinion that the court below correctly determined that question.

The further question is, whether the court below should have held that there was a trespass as a matter of law. On the subject of trespass, there seems not to have been any question for a jury. Assuming that there was a trespass, it may be that the jury had a right to determine the amount of damages, but whether or not there was a trespass, should have been disposed of as a matter of law. There was no dispute of fact. The defendant, flying over the plaintiff's land, came in contact with plaintiff's tower and injured it. That was the defendant's own testimony, and it permitted no variety of inferences. What then should the court have decided on the subject of trespass? This involves the broader question, What is, or is to be, the law regarding the ancient maxim, " *Cujus est solum ejus est usque ad coelum?*" Not to go beyond the necessities of this case, it may be confidently stated that if that maxim ever meant that the owner of land owned the space above the land, to an indefinite height, it is no longer the law. As said by the United States Circuit Court of Appeals, in *Swetland* v. *Curtiss Airport Corporation* (55 F. [2d] 201–203): " In every case in which it [the maxim referred to] is to be found it was used in connection with occurrences common to the era, such as over-hanging branches or eaves. These decisions are relied upon to define the rights of the new and rapidly growing business of aviation. This cannot be done consistently with the traditional policy of the courts to adapt the law to the economic and social needs of the times. * * * we cannot hold that in every case it is a trespass against the owner of the soil to fly an aeroplane through the air-space overlying the surface." (See, also, *Smith* v. *New England Aircraft Co.*, 270 Mass. 511.) It is plain, however, that outside of the sovereign police power, no rule has been or will be made, which abridges the

exclusive right of the owner of lands to the space above it, to such height as he may build a structure upon the land; therefore, for the purpose of this case, it may be assumed that when the aeroplane came in contact with the top of this tower, the rights and responsibilities of the respective parties were exactly the same as they would have been had the aeroplane come in contact with the earth below. What are those rights and responsibilities? There apparently has been no decision exactly defining them. Able and resourceful counsel have failed to present any, and the court has found none. For the consideration of this question, we revert to the question of negligence involved in the other cause of action. Judge VANN, in discussing the doctrine of *res ipsa loquitur*, in the case of *Robinson* v. *Consolidated Gas Company* (194 N. Y. 37), uses this language (on p. 40): " The *res* of that maxim, which is sometimes misused, is not simply an accident resulting in injury, but the accident and the surrounding circumstances, necessarily shown by proving how the accident occurred, or in other words, the occurrence as it appears by proof of the accident. The doctrine does not permit a recovery without some proof of negligence, but it regulates the degree of proof required under certain circumstances. If proof of the occurrence shows that the accident was such as could not have happened without negligence, according to the ordinary experience of mankind, the doctrine is applied even if the precise omission or act of negligence is not specified."

The above and other cases are cited by the respondent's counsel to prove that the doctrine of *res ipsa loquitur* did not properly govern in the case at bar, and for the reasons given by him in his brief in the following words: " It is common knowledge that airplanes fall in a great many instances from causes over which the pilot has absolutely no control. Time and again we read in the newspapers where a complete inspection of the plane is made before starting and that for some unknown reason the engine stops requiring a forced landing which often results in a crash." The correctness of that statement we believe cannot be questioned, at least in the present state of aircraft development. When, therefore, a man takes over another man's land a machine which he knows is liable to crash upon and do injury to that land and the structures upon it, can it be said that he is an accidental trespasser within the meaning of those decisions which have exempted the trespasser from liability? It seems to me that the plaintiff proved one or the other of its causes of action. If it can be said from human experience that an aeroplane will not fall except through negligence, then the plaintiff proved a *prima facie* case under its first cause of action. If, on the other hand, common experience requires the opposite conclusion,

namely, that no matter how perfectly constructed or how carefully managed an aeroplane may be, it may still fall, then the man who takes it over another's land and kills his cow or knocks off his chimney, has committed an inexcusable trespass. It must be kept in mind that when damage occurs in such a case, one or the other party has to stand it, and no reason readily suggests itself why it should not be the one who has brought about the chance occurrence. As was said by Chief Judge RUGG, of the Supreme Judicial Court of Massachusetts, in the case of *Smith* v. *New England Aircraft Co.* (*supra*, 528): "Aerial navigation, important as it may be, has no inherent superiority over the landowner where their rights and claims are in actual conflict." And again (on p. 530): "Air navigation, important as it is, cannot rightly levy toll upon the legal rights of others for its successful prosecution." To hold that the defendant here is absolved from liability, because he was himself free from negligence, is to hazard all the chimneys in the land, as well as live stock on the farms and even the people in their homes. The other alternative seems by far the more reasonable, namely: Such chance as there may be that a properly equipped and well-handled aeroplane may still crash upon and injure private property, shall be borne by him who takes the machine aloft. I am, therefore, of the opinion that the plaintiff's cause of action upon the ground of negligence was properly dismissed, and that the only question which should have been submitted to the jury was the amount of damages suffered by the plaintiff, for which amount the plaintiff should have been awarded judgment.

The judgment appealed from is reversed and a new trial ordered, with thirty dollars costs and disbursements to the appellant.