Joseph **HAHN**, Martha H. Hahn, Hazel Hahn and Lawrence J. Hahn, Plaintiffs,

v.

U. S. **AIRLINES**, Inc., Defendant.
Civ. No. 12357.

United States District Court,
E. D. New York.
June 14, 1954.

Abraham Moskowitz, New York City, for plaintiffs.

George A. Garvey, New York City, for defendant.

GALSTON, District Judge.

This motion for summary judgment made by the plaintiffs pursuant to Rule 56 of the Rules of Civil Procedure, 28 U. S.C.A., seeks an interlocutory judgment on the issue of liability.

It does not appear that there is any genuine issue as to any material fact in respect to liability alleged in the 1st, 2nd, 5th, 6th and 7th causes of action.

It is not disputed that on April 5, 1952 defendant's airplane crashed in the vicinity of 88th Avenue, Jamaica, New York. The plaintiffs resided there together as a family unit in a two story dwelling at 168–45 88th Avenue. An explosion occurred, and broken parts of the fuselage and cargo from the plane were burning on defendant's premises. The house was badly damaged, considerable personal property destroyed and damaged, and some of the plaintiffs were personally injured. The motion seeks judgment merely on the issue of liability, and not in regard to amount of damages.

The defendant on the motion contended that in essence liability was asserted in trespass, and the argument was advanced that trespass involved intent, and in the absence of a showing of intent, liability could not result from trespass. Thus the defendant sought to restrict the plaintiffs in the matter of liability to an issue of negligence. If that were the matter to be determined on this motion, then, of course, that issue would have to await trial. The plaintiffs' position though on this motion is that there was a wrongful invasion of the plaintiffs' lands, and that property damage resulted to realty, personalty, and to the persons living in the premises affected.

It is hard to see in logic why liability should not follow such an invasion of plaintiffs' premises. Restatement of the Law, Section 165, subdivision (c), recognizes the liability for such intrusion, and illustration 8 is of particular interest:

"A is skillfully navigating an airplane far above the surface of B's premises. Stress of weather renders the plane unmanageable, and it comes to land in B's field, damaging his crops. A is liable to B."

Judge Parker, in United States v. Praylow, 4 Cir., 208 F.2d 291, 292, at page 294, wrote:

"In other words, the flight of an airplane at a proper altitude is recognized as lawful but the person operating it is charged with the responsibility of preventing injury to persons and property be-

neath. Not to prevent such injury, whether negligent or not, renders the person operating the plane liable at law on the theory that it was his duty under the law to prevent it if he undertook to operate the plane. As said by Judge Moore in Parcell v. United States, D.C., 104 F.Supp. 110, 116, 'To say that a tort giving rise to absolute liability is not a "wrongful act" would be a technical refinement of language incompatible with that liberal interpretation of the sovereign's waiver of immunity which the highest court in the land has admonished us to employ. See United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171; United States v. Yellow Cab Co., 1950, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.' "

The law of New York, in which state the accident happened, is not otherwise. See Rochester Gas & Electric Corp. v. Dunlop, 148 Misc. 849, 266 N.Y.S. 469; also Van Alystyne v. Rochester Tel. Corp., 163 Misc. 258, 259, 296 N.Y.S. 726.

The motion is granted. Settle order.