JOSEPH L. PHILLIPS, Appellant, *v.* SUN OIL COMPANY, Respondent.

Argued May 26, 1954; decided July 14, 1954.

*Henry Hirschberg* and *Ernest M. Levinson* for appellant. I. The gasoline in plaintiff's well and water system came from the leak in defendant's gasoline pipe and equipment. (*Scudero* v. *Campbell,* 288 N. Y. 328; *Citron* v. *Kapner,* 271 App. Div. 932; *Slattery* v. *Marra Bros.,* 186 F. 2d 134; *Masten* v. *Texas Co.,* 194 N. C. 540; *Van Alstyne* v. *Rochester Tel. Corp.,* 163 Misc. 258.) II. Plaintiff established a prima facie case of trespass. (*Hay* v. *Cohoes Co.,* 2 N. Y. 159; *Tremain* v. *Cohoes Co.,* 2 N. Y. 163; *Forbell* v. *City of New York,* 164 N. Y. 522; *Davis* v. *Niagara Falls Tower Co.,* 171 N. Y. 336; *Mairs* v. *Manhattan Real Estate Assn.,* 89 N. Y. 498; *Jutte* v. *Hughes,* 67 N. Y. 267; *Sullivan* v. *Dunham,* 161 N. Y. 290; *Wheeler* v. *Norton,* 92 App. Div. 368; *McCahill* v. *Parker Co.,* 49 Misc. 258; *Schwab* v. *Cleveland,* 28 Hun 458.)

*Donald H. McCann* for respondent. I. Plaintiff has failed to produce proof sufficient to justify the conclusion that the gasoline found in the well came from the station where defendant's gasoline products were sold. (*Dillon* v. *Acme Oil Co.,* 49 Hun 565; *Bloodgood* v. *Ayers,* 108 N. Y. 400; *Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241; *Matter of Case,* 214 N. Y. 199; *Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90; *People* v. *Harris,* 136 N. Y. 423; *Scharff* v. *Jackson,* 216 N. Y. 598; *Wolfson* v. *Metropolitan Life Ins. Co.,* 262 App. Div. 886; *Grawunder* v. *Beth Israel Hosp. Assn.,* 242 App. Div. 56; *Galbraith* v. *Busch,*

267 N. Y. 230; *Digelormo* v. *Weil,* 260 N. Y. 192; *Lamb* v. *Union Ry. Co.,* 195 N. Y. 260.) II. As a matter of law, defendant, Sun Oil Company, is not liable under the evidence herein presented. (*Dillon* v. *Acme Oil Co.,* 49 Hun 565; *Elsey* v. *Adirondack & St. Lawrence R. R. Co.,* 97 Misc. 273; *Thompson* v. *Board of Educ. of Union Free School Dist. No. 2,* 124 Misc. 840; *Robb* v. *State of New York,* 262 App. Div. 37; *Bloodgood* v. *Ayers,* 108 N. Y. 400; *Vanderbilt* v. *State of New York,* 159 Misc. 586; *Huey* v. *State of New York,* 170 Misc. 677.)

DESMOND, J.  On each of three properties, two of them owned by plaintiff and defendant, respectively, at the intersection of two highways in a rural section of Orange County, there were gasoline tanks and pumps.  At plaintiff's establishment there was a kerosene pump and tank, also.  Noticing a peculiar taste, and an odor like gasoline or kerosene, in the water pumped into his building from his dug well nearby, plaintiff shut off the water supply and called in a chemist who found a heavy concentration of gasoline in the well.  After tests, it was another chemist's opinion that the gasoline in plaintiff's well water was of the brand dispensed from defendant's pumps and tank, which were some seventy-five feet from plaintiff's well.  For the damages resulting from contamination of his water supply, plaintiff sued defendant, pleading separate counts of alleged nuisance, negligence and trespass.  On the trial, defendant moved, at the end of plaintiff's proof, for dismissal of all three causes of action.  Plaintiff then withdrew his charges of nuisance and negligence, and the Trial Justice dismissed, for failure of proof, the remaining count in trespass.  The Appellate Division affirmed the judgment except for a slight modification not related to the merits, and plaintiff's appeal is here by right, because of that modification.

We will (with some doubt) assume that the chemist's opinion testimony proved, prima facie, that the polluting gasoline came from defendant's tank across the highway.  There was no showing on the trial as to how the fluid found its subterranean way from defendant's to plaintiff's premises, and there is nothing to show that defendant knew, or had been put on notice, that gasoline was escaping from its underground tank.  There was no evidence of any leaky condition of defendant's tank, except

this slight and remote item: that at a meeting of the town board of health, held some weeks after plaintiff's well had been polluted and closed up, a representative of defendant stated that, on the removal from the ground of defendant's tank (time of removal not shown), a leak was found, " but it did not amount to anything ".

We hold, as did the courts below, that plaintiff did not make out a case in trespass. Trespass is an intentional harm at least to this extent: while the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness (*Tonawanda R. R. Co.* v. *Munger,* 5 Denio 255; *Rightmire* v. *Shepard,* 59 Hun 620, opinion in 12 N. Y. S. 800; *Guille* v. *Swan,* 19 Johns. 381; *Mairs* v. *Manhattan Real Estate Assn.,* 89 N. Y. 498; *New York Steam Co.* v. *Foundation Co.,* 195 N. Y. 43, 52; Restatement, Torts, Vol. 1, §§ 158, 166). To constitute such a trespass, the act done must be such as " will to a substantial certainty result in the entry of the foreign matter " (Restatement, Torts, *supra,* § 158, comment h).

The application of the above-stated rule, in the few pertinent New York cases, to damage claims arising from the underground movements of noxious fluids, produces this conclusion: that, even when the polluting material has been deliberately put onto, or into, defendant's land, he is not liable for his neighbor's damage therefrom, unless he (defendant) had good reason to know or expect that subterranean and other conditions were such that there would be passage from defendant's to plaintiff's land (*Dillon* v. *Acme Oil Co.,* 49 Hun 565; *Elsey* v. *Adirondack & St. Lawrence R. R. Co.,* 97 Misc. 273; *Thompson* v. *Board of Educ.,* 124 Misc. 840). The leading New York decision seems to be *Dillon* v. *Acme Oil Co.* (*supra*), where, in the absence of knowledge or notice, an oil refining company was held not liable for discharging, onto its own land, water containing chemicals which somehow soaked down into and through the soil, polluting a well on adjoining property. In the suit we have before us, plaintiff's position is weaker than was Dillon's, since Dillon's

defendant intentionally poured, on the ground, the substance which seeped and percolated into Dillon's well.

Out of caution, we note that nothing herein said or held would prevent the granting of injunctive relief after a pollution has been traced to its source.

The judgment should be affirmed, with costs.

LEWIS, Ch. J., CONWAY, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment affirmed.