**Lillian Hajian MARGOSIAN,**
**Plaintiff,**

v.

**U. S. AIRLINES, Inc., Defendant.**
**Civ. No. 12899.**

United States District Court,
E. D. New York.

Jan. 6, 1955.

---

George Weisbarth, Jamaica, N. Y., for plaintiff.

Garvey & Conway, New York City, By: George J. Conway, and James R. Kelly, New York City, of counsel, for defendant.

BYERS, District Judge.

This is a plaintiff's motion for summary interlocutory judgment on the question of defendant's liability, leaving the amount of damages to be computed by a jury; for reasons briefly to be stated, the motion will be granted.

This is a companion case to Hahn v. U. S. Airlines, D.C., 127 F.Supp. 950, by Judge Galston who granted such a motion as to damage to the premises next door to those described in this complaint, resulting from the crash of the defendant's airplane in the vicinity of 88th Avenue and 169th Street, in the Borough of Queens, on April 5, 1952 at about 8:30 A.M.

No appeal was taken and since all relevant factors are common to the two causes, the impulse to consider that ruling as in effect establishing the law, if not of the case, certainly of this invasion of property, would be urgent in the extreme. That would be so even in the presence of permissible misgivings. Not only are there none, but the soundness of that ruling is so manifest in my opinion that I propose to follow it, pausing long enough only to demonstrate if possible, that the defendant's contentions have received careful consideration.

This complaint alleges two claims for relief: first, because of the defendant's negligence in the operation of its plane; and second that it was so "managed, operated and controlled by defendant * * * (as) to wrongfully enter or fall into and upon the said premises of plaintiff * * * and there and then cause said dwelling to become on fire, burn and be completely destroyed". (Complaint, paragraph 12.)

If plaintiff's motion as to the trespass is granted, trial of the negligence cause will be obviated.

It is true that the answer denies upon information and belief, the allegation above quoted as to the trespass, and if that were all, the case would have to go to trial on the issue thus made.

However, the affidavit in opposition to the motion is by an assistant treasurer of the defendant and urges that "the act of the airplane('s) crashing to the ground and causing damage to the plaintiff's property" was not a trespass since under the law of New York "trespass is an intentional harm; that the wrongdoer must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what the wrongdoer wilfully does and which the wrongdoer does so *negligently* as to amount to wilfullness". (Italics supplied.)

The foregoing reveals that:

(a) The denial of the trespass contained in the answer is of something which was not alleged in the complaint, i. e., as to wilfullness and intent; in light of what is said in the opposing affidavit, this cannot be construed as a negation of the trespass itself as pleaded by plaintiff.

(b) The defendant argues that trespass is not to be predicated of the falling of its airplane upon plaintiff's

property, unless the act was wilful and intentional, and hence whether or not it was, presents a question of fact for the jury.

It is on that theory that the defendant seeks to induce the court to depart from the decision in the Hahn case, although that opinion in terms states that the very question was before the court, and thus was necessarily disposed of.

The toll in human life—not to mention the wreckage of the plane—in cases where airplanes have crashed, is the common sense answer to the requirement of proof under which the defendant argues that such a plaintiff must rest in order to demonstrate intent.

It is also true that the law has not been so retarded in its development as the defendant argues.

Thus the semblance of a disputed question of fact disappears for present purposes, and the question for decision is whether the plaintiff must prove wilfullness and intent or negligent operation, in order to recover for the trespass.

■■ Since this is a diversity case, the law of New York governs:

The earliest case is that of Guille v. Swan, 19 Johns., N.Y., 381, recently cited by the Court of Appeals in Phillips v. Sun Oil Co., 1954, 307 N.Y. 328, 121 N.E.2d 249. The latter case involved leakage from a gasoline tank on defendant's property; a well on plaintiff's premises was polluted. The plaintiff sought to recover damages on the theory of trespass and was defeated below and in the Court of Appeals.

After remarking that the evidence did not disclose how the gasoline "found its subterranean way from defendant's to plaintiff's premises, and [that] there is nothing to show that defendant knew, or had been put on notice, that gasoline was escaping from its underground tank * * *," the opinion contains the following language upon which defendant relies, 307 N.Y. at page 331, 121 N.E. 2d at page 250:

"Trespass is an intentional harm at least to this extent: while the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness." [Citing cases, among them Guille v. Swan, supra.]

Since the foregoing precisely states the reason for the decision that the defendant before the court was not shown to have committed a trespass under the record as made, and since the Guille case was in part relied upon, it cannot be thought that a new principle of New York law was laid down, later in point of time than the Hahn case. As applied to this case, the language quoted would cover the operation of this defendant's plane, since its ultimate descent from the level of flight was necessarily intended to be accomplished—without expectation, however, of the intrusion suffered by this plaintiff.

The question of intent in cases of trespass to realty *(quare clausum fregit)* has uniformly been held to be of no consequence according to the early cases, as was thus declared in the Guille case decided in 1822 in the then Supreme Court of Judicature:

"The *intent* with which an act is done, is by no means the test of the liability of a party to an action of trespass. If the act cause the immediate injury, whether it was intentional, or unintentional, trespass is the proper action to redress the wrong. It was so decided upon a review of all the cases, in Percival v. Hickey (18 Johns., N.Y., 257)."

That was written in a case in which the plaintiff's damage resulted from the fall of a balloon upon his property.

Clearly the Court of Appeals as late as last July, regarded such to be the law or the Guille case would not have been cited, Phillips v. Sun Oil Co., supra. Had it been the purpose to abrogate that rule, the opportunity was appropriate to do so, instead of which the court took pains to point out, as the opinion says, that assuming (with some doubt) that "the polluting gasoline came from defendant's tank across the highway" the subterranean course was not disclosed.

The following cases and text may be consulted to sustain the action of this court in granting plaintiff's motion:

Rochester Gas & Electric Corp. v. Dunlop, 148 Misc. 849, 266 N.Y.S. 469.

U. S. v. Praylou, 4 Cir., 208 F.2d 291, at page 293. This was a Federal Tort Claim case, which does not exclude liability for trespass.

Am.Jurisprudence (Vol. 52) Trespass —p. 840. "Intent. Trespass is an 'intentional' harm; that is, where there is no intentional act, in the sense of an act voluntarily done, there is no trespass, although it is not essential that the defendant act designedly if the injury is the immediate result of the force applied by him and the plaintiff is damaged thereby. In other words, the intent with which an act is done is by no means a test of liability in trespass. If an act causes injury as its immediate consequence, whether intentional or unintentional, the actor is liable in trespass for the damage caused."

The foregoing aptly described what happened as the result of this defendant's operation of its plane in seeking to make a landing at Idlewild. (See requests for admission 8 and 9 and answers.)

See, also, Fixel, Law of Aviation, Second Ed., pp. 115–116.

The defendant's cases involving causes based upon negligence, not trespass, are not in point.

The attempt to by-pass the Restatement on Torts, Sec. 165, c–8, on the theory that Sec. 520b defining an ultrahazardous activity, no longer has any bearing in that the operation of planes is now a matter of common usage, is also unconvincing.

It may be freely conceded that many more planes are now operated than when the text was drawn; if the argument means as I think it does, that the element of hazard diminishes directly with the multiplication of air-traffic, it carries its own answer. The more planes there are in the sky, the more the take-offs and landings, and therefore the more frequent the exposure to the accidents incident thereto on the part of the persons and property in the line of possible misadventure.

Motion granted. Settle order.