John E. Cone, J.
Plaintiffs move for summary judgment in their favor against defendant United Air Lines, on the issue of liability in trespass.
This is an action in which plaintiff Larmicia Wood (hereinafter referred to as plaintiff) seeks to recover for personal injuries which she claims to have sustained in her apartment when a jet aircraft belonging to the defendant, United Air Lines (hereinafter referred to as defendant) crashed in the immediate vicinity of Sterling. Place and Seventh Avenue, in the Borough of Brooklyn, as the result of a mid-air collision with an airplane owned by codefendant Trans World Airlines. The crash allegedly caused damage to the building at premises No. 26 Seventh Avenue and to plaintiffs’ apartment located in said building. The plaintiff, Solomon Wood, as husband of the injured plaintiff, sues for loss of services, etc. Both plaintiffs, in addition, seek recovery for personal property damage allegedly resulting from the crash.
? The “ amended ” complaint, in addition to alleging negligence, charges that the crash and the resultant damage and injury to plaintiff constituted a wrongful invasion of person and property which was in the nature of a trespass. It is plaintiffs’ claim, as set forth in the memorandum in support of the instant motion. *957 that the crash occurred in the immediate vicinity of No. 26 Seventh Avenue, and that ‘ ‘ the ensuing explosions, concussions and fires brought about by the great impact of the crash with the spillage of jet fuel, almost completely burned out several buildings in the vicinity, including the premises of plaintiff Larmicia Wood, who was a tenant occupying her apartment at the time of the accident.”
The instant motion for summary judgment is predicated not upon the claim of negligence but upon the trespass theory of liability, plaintiffs contending that the “ invasion ” resulting from the crash constituted a trespass as a matter of law. The plaintiffs, in effect, invoke a doctrine of strict or absolute liability which would impose liability upon an airplane owner for injuries or damage, sustained as a result of the crash of the plane, to person and property located on the ground, irrespective of the absence of any negligence or of any intent to invade the rights of those on the ground.
To establish that there was a physical invasion of the premises here involved, plaintiffs submit a report of the New York City Fire Department which, it is claimed, shows that there was extensive damage to the building in which plaintiff’s apartment was located and to the apartment itself. Also submitted in support of the motion, presumably to show the injuries here complained of were sustained in plaintiff’s apartment, is a medical abstract of the Coney Island Hospital to which plaintiff was removed following the crash, containing a history stating in effect that plaintiff was at home when the crash occurred.
Defendant argues in opposition to the motion that there can be no trespass as a matter of law under the facts here sought to be shown by plaintiffs on this motion. Defendant contends further that the plaintiffs’ moving papers are insufficient in that there is no competent proof offered to support the claim that plaintiff’s apartment, or any part of the building for that matter, was physically invaded by defendant’s aircraft, or that the plaintiff sustained her injuries in the apartment and not elsewhere, or that the plaintiff or her husband had the necessary possessory interest in the damaged premises to maintain an action in trespass. Defendant contends that in any event there are triable issues as to the foregoing, particularly since the facts relative to certain aspects thereof are exclusively within the knowledge of the plaintiff or, at any rate, are clearly not within defendant’s knowledge.
For the reasons and consideration hereinbelow set forth, I am of the opinion that the facts which plaintiffs have sought to show on this motion are insufficient to support a recovery in trespass *958 as a matter of law. It may safely be stated as a general rule that to constitute an actionable trespass there must be an intent to do the very act which results in the immediate damage (Socony-Vacuum Oil Co. v. Bailey, 202 Misc. 364). The determinative factor is stated as follows in Phillips v. Sun Oil Co. (307 N. Y. 328, 331): “ Trespass is an intentional harm at least to this extent: while the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness (citing cases, among them Guille v. Swan, 19 Johns. 381).” (Emphasis supplied.)
In the instant case it would seem to be apparent that there was no intent to crash. Neither is there any indication that the collision which led to the crash occurred during the course of attempting to make a landing. No evidentiary facts are adduced on the instant motion to show that the plane was in any wise under the pilot’s control when, as alleged in the amended complaint, it “ plunged down ” onto the street; indeed, the plaintiffs do not profess to argue that any control or management of the plane was possible, following the mid-air collision.
Upon this motion, plaintiffs rely basically on the view expressed in 1822 in Guille v. Swan (cited in the Phillips case,, supra, p. 328), that “ [t]he intent with which an act is done, is by no means the test of the liability of a party to an action of trespass.” But it cannot be gainsaid that the somewhat absolute and unqualified language of the foregoing judicial pronouncement, and its application generally, must be construed and understood in the light of the explicatory language contained in the Phillips case, hereinbefore quoted. Moreover, an analysis of the cases, cited by plaintiffs, in which the element of intent was ignored or in which it did not loom as an essential element of the trespass cause of action, discloses that the imposition of liability in those cases involving, as they did, aviation mishaps, was predicated upon the assumption that flying was an extrahazardous activity (see, also, Restatement, Law of Torts, § 519, applying the doctrine of strict liability to cases involving ultrahazardous activity, and section 520 which defines ultrahazardous activity and includes aviation as an example thereof).
Thus, turning to the cases cited by plaintiffs we find that in the Guille case, the defendant, a balloonist, descended into plaintiff’s garden, which was a short distance from the place of defendant’s ascent. The court, in holding the balloonist liable *959 for damage done to plaintiff’s garden by a crowd which rushed to the balloonist’s aid, wrote in part as follows (Guille v. Swan, 19 Johns. 381, 383): “ I will not say that ascending in a balloon is an unlawful act, for it is not so; but, it is certain, that the Aeronaut has no control over its motion horizontally; he is at the sport of the winds, and is to descend when and how he can ; his reaching the earth is a matter of hazard.”
The case of Rochester Gas & Elec. Corp. v. Dunlop (148 Misc. 849 [Monroe County Ct., 1933]) also cited by plaintiffs, was an action both in negligence and trespass for damage caused to a tower when the airplane piloted by the defendant in that case crashed against it. The defendant’s evidence was to the effect that in attempting to make a landing at night, following an engine failure, he failed to see the tower so as to avoid the collision. The court, in reversing a judgment rendered in favor of defendant and ordering a new trial, considered the application of either the res ipsa loquitur doctrine or the theory of trespass to the facts in the case. Concluding that trespass was the applicable theory, the court in effect predicated its decision upon the assumption that “ common experience requires * * * [the conclusion] * * * that no matter how perfectly constructed or how carefully managed an aeroplane may be, it may still fall ” (pp. 851-852). The court then stated that ‘1 when damage occurs in such a case, one or the other party has to stand it, and no reason readily suggests itself why it should not be the one who has brought about the chance occurrence ” (p. 852).
The other two cases upon which plaintiffs place principal reliance are Hahn v. U. S. Airlines (127 F. Supp. 950 [1954, E. Dist. N. Y.]) and Margosian v. U. S. Airlines (127 F. Supp. 464 [1955, E. Dist. N. Y.]). Both cases dealt with the same mishap, involving the crash of an airplane in the Borough of Queens, causing property damage. In both cases the court, upon the issue of liability in trespass, granted summary judgment in favor of the respective plaintiffs and against the aircraft owner. But we find that the court in the Hahn case (supra) relied upon subdivision c of section 165 of the Restatement of the Law of Torts, with particular reference to illustration 8 thereof. The court pointed out that subdivision c of section 165 recognizes liability for such ‘ ‘ intrusion ’ ’ as was caused by the crash. Illustration 8, which the court quoted, as being applicable, offers the following example of strict liability: “ A is skilfully navigating an airplane far above the surface of B’s premises. Stress of weather renders the plane unmanageable, and it comes to land" in B’s field, damaging his crops. A is liable to B ” (p. 951). *960 There should he noted, in this connection, the rationale underlying the view that flying is an ultrahazardous activity (rendering it subject to the application of the doctrine of strict liability), which finds expression in section 520 of the Restatement. Thus, in Comment 6 to section 520, it is stated that “ aviation in its present stage of development is ultrahazardous because the best constructed and maintained aeroplane is so incapable of complete control that flying creates a risk that the plane even though carefully constructed, maintained and operated, may crash to the injury of persons, structures and chattels on the land over which the flight is made ” (emphasis supplied). And in Comment g a distinction is made between airplanes and automobiles, upon the ground that ‘‘ the use of automobiles has become so common to the great mass of inhabitants of the United States and the residuum of risk which cannot be eliminated by careful driving and maintenance is so small that the driving of ordinary types of automobiles is not regarded as ultrahazardous. On the other hand, aviation has not as yet become either a common or an essential means of transportation. This, coupled with the fact that as yet aeroplanes have not been so perfected as to make them subject to a certainty of control approximating that of which automobiles are capable, and with the serious character of harm which an aeroplane out of control is likely to do to persons, structures or chattels on the land over which it flies make it proper to regard aviation as an ultrahazardous activity. ’ ’
Returning, however, to a consideration of the cases cited by plaintiffs on the instant motion, we find that the court in the Margosian case (127 F. Supp. 465, supra) while making reference to the Restatement, manifested some concern with finding an element of intent as a prerequisite for the imposition of liability in trespass. As appears there from the court’s opinion, the pilot in that case was seeking to make a landing at Idlewild when the plane crashed. This fact, in itself, can serve to distinguish the Margosian case (supra) from the instant one where there has been no showing that the pilot was in the course of landing at the time of collision, or that he had any measure of control over the descending plane, following the collision.
In any event, I am of the opinion, in light of the technical progress achieved in the design, construction, operation and maintenance of aircraft generally, that flying .should no longer be deemed to be an ultrahazardous activity, requiring the imposition of absolute liability for any damage or injury caused in the course thereof. This view is in accord with the current trend t of the law. (Boyd v. White, 128 Cal. App. 2d 641 [Dist. Ct. App. 1954]; Southern Cal. Edison Co. v. Coleman, 150 Cal. App. 2d *961 829 [App. Dept., Superior Ct., 1957]; cf. Rogow v. United States, 173 F. Supp. 547, 556 [1959, Dist. Ct. S. D. N. Y.] and cases there cited.)
It is to he noted that the Restatement, which was adopted and promulgated in 1938, rested its view of flying, as being an ultra-hazardous activity, upon the stage of development of aviation existing at that time. It is indisputable that aviation has since made tremendous strides, both technically and in its use as a common mode of transportation. The view which has continued to gain acceptance is (as observed by the court in the Boyd case, cited supra) well expressed in a summary of the law (Ann. 4 A. L. R. 2d 1306 [1949]), which reads as follows: “ The courts and the law formerly looked upon aviation with the viewpoint still expressed in the American Law Institute, Restatement, Torts, Yol. 3, § 520, holding that aviation is an ultra-hazardous activity, similar to the operation of automobiles in the early days of the horseless carriage, and requiring those who take part in it to observe the highest degree of care. The Uniform Aeronautic Act, adopted in time by twenty-three states, imposed absolute liability on the owner, as well as the operator or lessee, of every aircraft for any damage to person or property caused by its operation provided there was no contributory negligence on the part of him who was thus harmed. With the passage of time, however, this view came to be modified, and the trend of decisions established it to be the general rule that, properly handled by a competent pilot exercising reasonable care, an airplane is not an inherently dangerous instrument, so that in the absence of statute the ordinary rules of negligence control, and the owner (or operator) of an airship is only liable for injury inflicted upon another when such damage is caused by a defect in the plane or its negligent operation. By 1945, coincident with the opening of the postwar civilian aviation period, the number of states retaining the portions of the Uniform Aeronautic Act dealing with an owner’s liability had dropped to eighteen.”
A similar view is to be found in the Rogow case (cited supra) in which Kaufman, J. wrote as follows (173 F. Supp. 547, 556): “ In the early days of aviation, perhaps, it could have been said that planes crashed frequently and mysteriously through no fault of pilot or maintenance personnel. Cf. Rochester Gras & Electric Corp. v. Dunlop, 1933, 148 Misc. 849, 266 N. Y. S. 469. But great technical progress in the last few years has brought the art of flying to the state where aircraft do not generally meet disaster in the absence of some negligence. The New York courts have recognized this fact by applying the res ipsa loquitur *962 doctrine in airplane crash cases. [Cases cited.] The Federal courts applying New York law have also repeatedly upheld the doctrine. [Citing cases.] ”
Although the airplane involved in the instant case was a jet and not a conventional aircraft, no compelling reason suggests itself for applying a different view where, as in the present case, the crash was not shown to have been brought about by a mysterious or unknown defect peculiar to the design, maintenance or operation of jets, but appears to have been the result of a mishap, the nature of which arose out of a hazard common to the operation of conventional as well as jet aircraft.
Based upon the foregoing considerations, I am of the opinion that actionable trespass has not been shown on the instant motion papers and that summary judgment therefor is not warranted. I am of the view that, in any event, summary judgment must be denied because some of the facts upon which the motion is predicated, among which is included the manner in which the plaintiff’s injuries were sustained, are exclusively within the knowledge of plaintiff or clearly not within the knowledge of defendant (De France v. Oestrike, 8 A D 2d 735; Vignola v. Britts, 11 A D 2d 801). Accordingly, the motion for summary judgment is denied.