DECISION
The Plaintiffs in these consolidated matters have brought actions against the defendant property owner sounding in negligence and trespass. They complain that due to the defendant's improper maintenance of underground storage tanks, petroleum by-products have polluted their water supplies.
With respect to the trespass count, the defendant has moved to dismiss pursuant to Rule 12 (b), arguing that the requisite element of intent is absent. The defendant cites the Restatement 2nd of Torts, § 158(a) which states that the tort of trespass is committed only when and if an intentional act causes the intrusion. The defendant argues that since there is no evidence that its agents intentionally perforated the underground storage tank, no action in trespass can be maintained.
The plaintiffs counter that negligence, if it rises to the level of willfulness, satisfies the element of intent. They should not be denied the opportunity, they argue, to furnish evidence of intentional or negligent conduct by the defendant that proximately resulted in the leakage. The plaintiffs cite as significant, the testimony of the defendant's principal, Robert Potter, in which he conjectured that an employee could have dropped a measuring stick through the tank's bottom. Because the insertion of the stick was an intentional act, the plaintiffs contend there must be a factual inquiry to determine whether the dropping of the stick was negligent or willful.
All parties assert that their respective positions are supported by the holding in Phillips v. Sun Oil Co.,121 N.E.2d 249 (C.A.N.Y. 1954). There, the court declined to recognize an actionable trespass because there was no evidence presented at trial to suggest that the defendant knew or should have known that its gasoline tanks' contents leaked fluids onto adjacent property. The Court recognized that although a trespasser need not intend the damage caused by his intrusion, he must intend the act producing the intrusion; or, must conduct himself so negligently that willfulness is established.
Our Supreme Court has emphasized that a dismissal under Rule 12 (b)(6) is to be granted only in the unusual instance in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. Goldsteinv. Rhode Island Hospital Trust National Bank, 286 A.2d 112, 115 (1972) citing 5 Wright Miller, Federal Practice Procedure § 1337 at 604 (1969).
Although our Supreme Court has not had occasion to determine the suitability of invoking a trespass claim with reference to tank leakage, this Court has dismissed such a claim in a virtually identical situation. That occurred, however, after the plaintiff rested her case and the court ruled that no evidence had been presented to even remotely suggest that the defendant oil company committed any intentional act. Rather, upon discovery of the accidental leakage, the defendant immediately initiated remediation procedures. It appears from the deposition of Robert S. Potter, that the instant defendant acted in a similar responsible manner.
Nonetheless, the only decisions which have rejected the application of the trespass theory to underground leakage emanated from trial settings. In the Phillips case, for example, the Court specifically concluded that there was no evidence that the defendant oil company knew or should have known of the leaky condition. Similarly, in Hudson v. Peavey Oil Co., 566 P.2d 175
(Oregon 1977), the Court indicated that seepage onto adjoining property is an actionable trespass only where the evidence shows that the defendant knew or should have known of the seepage. Seegenerally, Storage Tank Pollution, 5 A.L.R. 5th 1.
Although the prospect of proving actionable trespass in the instant case seems quite dim at this juncture, the Court, because of the lack of precedent, is not comfortable dismissing the court outright. The Court can not conclude on the mere face of the complaint that there exists some insuperable bar to the relief.
Thus, the Court is compelled to deny the motion to dismiss pursuant to 12 (b)(6). However, this does not preclude the defendant from bringing a summary judgment motion as discovery evolves and certainly does not prevent a request for judgment as a matter of law should a trial take place.