Sal Tusa, Respondent, v Cablevision et al., Appellants, and Long Island Lighting Company, Defendant and Third-Party Plaintiff-Appellant. Bayview at Mattituck Homeown-

ERS ASSN., INC., Third-Party Defendant-Appellant. [691 NYS2d 105] —In an action to recover damages for trespass, the defendants, the defendant third-party plaintiff, and the third-party defendant appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated March 31, 1998, which denied their respective motions for summary judgment dismissing the complaint, and granted the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

An instrument creating an estate or interest in real property must be construed according to the intent of the parties, insofar as the intent can be gleaned from the instrument as a whole (Real Property Law § 240 [3]; *Mandia v King Lbr. & Plywood Co.,* 179 AD2d 150, 158). Here, when the plaintiff acquired title to his home within a residential subdivision in 1987, the conveyance from the developer was expressly made subject to a reservation of rights to grant certain easements for utility lines. That reservation, however, was by its own terms "for the benefit of and restricted solely to" the subdivision's homeowners' association and the other owners of lots in the subdivision, and was not intended to be construed "as creating any rights in or for the benefit of the general public". Accordingly, the Supreme Court properly concluded that the installation on the plaintiff's property of utility lines for the benefit of the adjoining landowner, whose property was outside the subdivision, constituted a trespass (*see, Phillips v Sun Oil Co.,* 307 NY 328). S. Miller, J. P., Ritter, Thompson and Altman, JJ., concur.