City of Albany v Normanskill Cr., LLC (2018 NY Slip Op 07020)





City of Albany v Normanskill Cr., LLC


2018 NY Slip Op 07020


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

525795

[*1]CITY OF ALBANY, Respondent,
v
NORMANSKILL CREEK, LLC, Doing Business as NORMANSKILL COUNTRY CLUB, INC., et al., Defendants, and R.J. VALENTE GRAVEL, INC., Doing Business as R.J. VALENTE COMPANIES, Respondent, and TOWN OF BETHLEHEM, Appellant.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Aarons, Rumsey and Pritzker, JJ.


Terry Rice, Suffern, for appellant.
William Kelly, Corporation Counsel, Albany (David A. Gonzalez of counsel), for City of Albany, respondent.
Lewis Brisboise Bisgaard & Smith, LLP, New York City (Jennifer R. Oxman of counsel), for R.J. Valente Gravel, Inc., respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from that part of an order of the Supreme Court (Ryba, J.), entered February 7, 2017 in Albany County, which partially denied a motion by defendant Town of Bethlehem to dismiss the complaint against it.
Defendant Normanskill Creek, LLC (hereinafter Normanskill) operates a golf course on property owned by 165 Salisbury Road LLC that is located in the Town of Bethlehem, Albany County. Normanskill allowed fill to be placed on its property at the top of the bank of Normans Kill Creek. The filling occurred for at least several weeks notwithstanding the fact that no permit had been issued by defendant Town of Bethlehem as required by Code of the Town of Bethlehem § 128-49. The Town eventually advised Normanskill that it needed to apply for a fill permit; Normanskill applied and the Town granted a permit. A short time later, the Town determined that the permit had been exceeded and ordered that dumping cease.
A few weeks later, a landslide occurred at the property, causing approximately 120,000 cubic yards of earth and debris to slide into Normans Kill Creek. Plaintiff commenced this action alleging that defendants' actions caused damming of the creek and flooding of its property — the Capital Hills Municipal Golf Course — which is located adjacent to Normans Kill Creek on O'Neil Road in the City Albany and, as relevant herein, asserted claims against the Town for negligence, nuisance and trespass. The Town moved to dismiss the complaint against it. Supreme Court dismissed the nuisance claim, but otherwise denied the motion. The Town appeals from only that part of the order as denied its motion to dismiss the negligence and trespass claims.
In two related actions arising from the same incident, we noted that, to hold a municipality liable for negligence in the exercise of a governmental function, a plaintiff must show that the municipality owed it a special duty beyond that owed to the public at large (Szydlowski v Town of Bethlehem, 162 AD3d 1188 [2018]; Normanskill Cr., LLC v Town of Bethlehem, 160 AD3d 1249 [2018]). As a basis for the Town's negligence, the complaint in this action alleges facts similar to those in Szydlowski, namely, that plaintiff owned land near the Normanskill property that was affected by the landslide and resulting flooding. However, the complaint does not allege that the Town had assumed any duty to act on plaintiff's behalf or that the Town made any representations upon which plaintiff justifiably relied. Further, the complaint contains no allegations that plaintiff had any prior knowledge of the fill operation or that it had any prior contact with any of the parties involved in that activity, including the Town, thereby precluding the possibility that the Town had induced plaintiff to embark upon a dangerous course of action that it would otherwise have avoided. Thus, inasmuch as the complaint fails to allege facts that show that the Town owed plaintiff a duty, the complaint fails to state a negligence cause of action against the Town (see Szydlowski v Town of Bethlehem, 162 AD3d at 1189-1191). Accordingly, the negligence cause of action must be dismissed.
Turning to consideration of plaintiff's trespass claim, "on a motion to dismiss for failure to state a claim, the court must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" (Szydlowski v Town of Bethlehem, 162 AD3d at 1189 [internal quotation marks, brackets and citations omitted]). As relevant here, "a trespass claim represents an injury to the right of possession, and the elements of a trespass cause of action are an intentional entry onto the land of another without permission. Regarding intent, the defendant 'must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he or she willfully does, or which he or she does so negligently as to amount to willfulness'" (Ivory v International Bus. Machines Corp., 116 AD3d 121, 129 [2014] [brackets and internal citations omitted], lv denied 23 NY3d 903 [2014], quoting Phillips v Sun Oil Co., 307 NY 328, 331 [1954]).
Plaintiff alleged that the Town issued the permit for the performance of work, including grading and other land disturbance activities and placement of fill, notwithstanding its knowledge that significant slope failures resulting in landslides had previously occurred in the immediate vicinity, which the complaint alleges constituted a "dangerous recurring condition." Plaintiff further alleged that the Town failed to properly supervise the work that was conducted pursuant to the permit; however, it did not allege that the Town directly participated in placement of the fill that caused the landslide. We agree that a municipality cannot be liable for trespass based on its regulation of land use unless it also was affirmatively involved in an approved project (see Phillips v King County, 136 Wash 2d 946, 957-962, 698 P2d 871, 876-879 [1998]). Thus, the complaint fails to state a cause of action for trespass because it does not allege that the Town engaged in any affirmative act that "amount[ed] to or produc[ed] the unlawful invasion" (Ivory v International Bus. Machines Corp., 116 AD3d at 129).
McCarthy, J.P., Aarons and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as partially denied the motion of defendant Town of Bethlehem to dismiss the complaint; said motion granted in its entirety and complaint dismissed against said defendant; and, as so modified, affirmed.