{¶ 19} I respectfully dissent as I do not feel that appellee has demonstrated facts which permit it to utilize either of the exceptions to liability contained in R.C. 955.28. As such, I would reverse the trial court's grant of summary judgment.
 {¶ 20} The issue of whether the trespass defense in R.C. 955.28
encompasses both criminal and civil trespass has not been previously addressed by this Court. However, when confronted with this issue, the Fifth District explained as follows:
"Appellant argues that the 1987 amendment to the statute eliminates civil trespass as an exception to the strict liability imposed by the statute. She contends that only criminal trespass is a valid defense to strict liability. We disagree. The language of the statute as amended expands the exceptions to strict liability; it does not reduce them. Accordingly, the amendment to the statute was not intended to remove civil trespass as an exception to the strict liability imposed by the statute, and both criminal and civil trespass are valid defenses."Buttermore v. Thompson (June 22, 1992), 5th Dist. No. CA8754.
Since Buttermore, each district which has addressed the issue has agreed and found civil trespass to be a viable defense under R.C. 955.28. See Burden v. Dunlap (June 8, 1994), 3rd Dist. No. 1-94-14; Padgett v.Sneed (July 19, 1995), 1st Dist. No. C-940145; Prather v. Whitaker (Mar. 31, 2000), 2nd Dist. No. 17972. However, the rationale put forth inButtermore and the cases which followed it is less than compelling.
 {¶ 21} In its decision, the 5th District noted that prior to its amendment, R.C. 955.28 read as follows:
"The owner or keeper shall be liable for any damage or injuries caused by a dog unless such damage or injury was to the body or property of a person who, at the time such damage or injuries were sustained, was committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on the owner's property." SeeButtermore, supra.
From this amendment, that Court determined that civil trespass could not have been abrogated as a defense because that would be contradictory to the amendment expanding the current exceptions. However, I can find no authority for the position that civil trespass was ever a valid defense under R.C. 955.28. As such, the Court in Buttermore seems to assume that civil trespass was always a valid defense and uses that assumption as a basis for its rationale. However, "where the legislature provides for an exception to * * * strict liability, such an exception must be strictly construed." Willie's Joint Venture v. Liquor Control Comm. (Sept. 28, 1993), 10th Dist. No. 93AP-497.
 {¶ 22} In the instant statute, the exception in question absolves liability when one is committing a "trespass or other criminal offense." R.C. 955.28. By including "other", the legislature clearly indicated that criminal trespass was within the realm of the statute. However, strictly construing the statute, it cannot be read to include civil trespass. If the legislature intended to include both criminal and civil offenses with the purview of the statute, it could have chosen language that would have clearly done so. They did not. Accordingly, I would find that civil trespass is not a defense under R.C. 955.28.
 {¶ 23} However, assuming arguendo, that the common law doctrine of trespass is a defense under R.C. 955.28, a jury question still remains to be determined. Appellant has argued that because she did not willingly enter appellee's property and was actually thrust onto his property by another, that she cannot be classified as a trespasser. A plurality of the Ohio Supreme Court has found that in determining whether a person is a trespasser, "the question whether * * * entry has been intentional, negligent, or purely accidental is not material, except as it may bear on the existence of a privilege. Gladon v. Greater Cleveland RegionalTransit Auth. (1996), 75 Ohio St.3d 312, 316. In Gladon, the plaintiff was attacked at on RTA platform and ended up on the train tracks where he was struck by an oncoming train. The plurality there found that "[e]ven though his entry may have been unintentional and against Gladon's wishes, once on the tracks, Gladon exceeded the scope of his invitation and lost his status as an invitee." Id. at 317. In so holding, the Court adopted the reasoning of the Restatement of Torts, finding that "so far as the liability of the possessor of the land to the intruder is concerned, however, the possessor's duty, and liability, will be the same regardless of the manner of entry, so long as the entry itself is not privileged. Id. at 316, quoting 2 Restatement of the Law 2d, Torts
(1965), 171-172.
 {¶ 24} However, Gladon "is of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of [the] court in order to constitute controlling law." Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, 633. Further, the rationale underlying Gladon is further undermined upon an examination of the opinion of the fourth justice who joined in the opinion to form the majority. In his concurrence, Judge Nader was not convinced that "Gladon's apparently involuntary and unexplained presence upon appellant's tracks automatically transmuted his status to that of a trespasser." Gladon, 75 Ohio St.3d at 322. Judge Nader went on to note that the trial court erred in not submitting that question to the jury. Id.
 {¶ 25} A more compelling argument for Judge Nader's conclusion is set forth by the facts in this matter. In Gladon, the plaintiff could not state whether or not he voluntarily entered the tracks because he was intoxicated and had been beaten by two assailants. Here, there is no question that appellant's entry was unintentional and against her wishes. I am persuaded that, even under common law, what is required for trespass "is volition, i.e., a conscious intent to do the act that constitutes the entry upon someone else's real or personal property. [As such,] [a]n involuntary entry onto another's property is not a trespass."Baltimore Gas Elec. Co. v. Flippo (1996), 112 Md.App. 75, 85. Succinctly stated,
"While the trespasser, to be liable, need not intend or expect the damaging consequences of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness."Phillips v. Sun Oil Co. (1954), 307 N.Y. 328, 331.
 {¶ 26} Accordingly, "[t]he touchstone of trespassory intent is a volitional action to be present on the property." Natl. Telephone Coop.Assn. v. Exxon Corp. (D.C. 1998), 38 F.Supp.2d 1, 13. Here, there is no dispute among the parties that appellant's presence on the property was the result of an involuntary act. As such, appellee cannot avail itself of the trespasser exception to R.C. 955.28.
 {¶ 27} Therefore, neither exception to R.C. 955.28 is present under the circumstances set forth herein. While such a result may seem harsh to the dog owner, an opposite conclusion would be just as harsh to appellant. Given the legislature's decision to hold dog owners strictly liable except under limited circumstances, such an outcome upholds the intent of R.C. 955.28. Accordingly, I would reverse the trial court's grant of summary judgment in appellee's favor and allow the matter to be answered by a jury.