THOMAS H. SLAVIN, Appellant, *v.* THE STATE OF NEW YORK,
Respondent.

1. APPEAL FROM BOARD OF CLAIMS — INSUFFICIENT AWARD. An
insufficient award by the Board of Claims cannot be interfered with by the
Court of Appeals, unless upon the uncontradicted evidence, affected by no
question of credibility, the award was inadequate, or where in ascertaining
the damages the board adopted a wrong principle.

2. DAMAGES — INJURY TO BUILDING BY WATER FROM CANAL. The
amount of damages recoverable from the state for injury to a building
caused by leakage of water from a canal resulting from negligence of the
state, its officers, agents and servants, cannot be limited to the actual out-
lay made by the claimant in the partial restoration of the building, but
should include the whole expense necessary to restore the building in a
reasonable manner, and, in addition thereto, any loss of rental value dur-
ing the time required to make necessary reparations.

(Submitted February 12, 1897; decided March 2, 1897.)

APPEAL by claimant from an alleged insufficient award of
the Board of Claims made in his favor April 13, 1894, in a
claim for damages alleged to have been sustained by him from
the negligence of the state in the management of the Cham-
plain canal.

The facts, so far as material, are stated in the opinion.

*Thomas O'Connor* for appellant. The claimant having
proved the damages to be more than the amount of the claim
filed, and there being no contradictory proof, was entitled to
an award for the full amount of the claim. (*Sayre v. State*,
123 N. Y. 291.)

*Theodore E. Hancock* for respondent. The true measure
of damages in this class of cases is the difference between the
value of the premises before the injury and the value imme-
diately thereafter, taking into account the damages which
have resulted from the defendant's acts. (*Chase v. N. Y. C.
R. R. Co.*, 24 Barb. 273; *Rowland v. Baird*, 18 Abb. [N.
C.] 262; *Easterbrook v. E. R. Co.*, 51 Barb. 97.) Claimant

was not entitled to recover for permanent diminution in the value of his premises, but only such as he sustained prior to the commencement of his action. (*Ottenot* v. *N. Y., L. & W. R. Co.*, 119 N. Y. 603, 604; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Pond* v. *M. E. R. Co.*, 112 N. Y. 186; *Gumb* v. *T. T. S. R. Co.*, 114 N. Y. 414; *Easterbrook* v. *E. R. Co.*, 51 Barb. 97; Whart. on Neg. 300, 326, 424, 427, 847; *Chase* v. *N. Y. C. R. R. Co.*, 24 Barb. 273; Abb. Tr. Ev. 594, 596.) The claimant was not entitled to be reimbursed both for loss in rental value and for the expenditure by him to fill cinders in the cellar to raise the floor out of the water. This latter is not a proper item of damage. (*Rowland* v. *Baird*, 18 Abb. [N. C.] 256; *Easterbrook* v. *E. R. Co.*, 51 Barb. 97; *Chase* v. *N. Y. C. R. R. Co.*, 24 Barb. 275.) The board was not absolutely bound by the unsupported evidence of the claimant in determining the amount of damages. (*Bookheim* v. *Alexander*, 46 N. Y. S. R. 200, 202.)

ANDREWS, Ch. J.    The jurisdiction of this court on appeals from the Board of Claims is defined by chap. 507 of the Laws of 1887, and is confined to a review "upon questions of law only, arising upon the hearing of a claim, or upon the excess or insufficiency of such award or order." Where the appeal is taken as in this case by a claimant, on the ground of the insufficiency of the award, this court cannot interfere unless upon the uncontradicted evidence, affected by no question of credibility, the award was inadequate, or where in ascertaining the damages the board adopted a wrong principle, which affected the amount of the award to the prejudice of the claimant. In either of these cases a question of law would be presented reviewable by this court. The plaintiff is the owner of a building in Mechanicville, situated near the Champlain canal, consisting of two stores with apartments above, which were let to tenants. In the winter of 1890 and 1891 the state deepened the canal and erected a wooden retaining wall on the side nearest the building. The building was

erected in 1887, with a cellar thereunder seven feet deep, and divided by a partition wall of brick. The cellar, up to the spring of 1891, was dry. After the water was let into the canal in the spring, water accumulated and rose in the cellar to the depth of about a foot. The claimant, in order to make the cellar available for use, placed gravel upon the bottom so as to raise it, at an expense of " about thirty dollars." The cellar continued to be damp, but was used. It was an undisputed fact testified to by the plaintiff, and also by a civil engineer who examined the premises, that the brick partition wall in the cellar had bulged in the center several inches, and the building appeared to have settled. The claimant also testified that the side walls nearest the canal had also settled, and that he had to plane the doors to make them shut, and that the defects mentioned first showed themselves after the spring of 1891. The claimant set forth in his claim three items of damage, namely: Expense of filling in cellar, $30; damage to building, $300; decrease in rental, $192; aggregating $522.

The Board of Claims made special findings : That the claimant owned the premises ; that during two years prior to May 5, 1893, water from the Champlain canal at divers times leaked through the walls of the canal and ran into and upon the claimant's premises, " by reason whereof the said premises and the buildings thereon were ·injured ;" that the damages sustained by the claimant " were caused by the negligence of the state, its officers, agents and servants, in the care, management and maintenance of the Champlain canal." It further found that plaintiff sustained damages in the sum of twenty-five dollars, and the award was for this sum.· It thus appears that the Board of Claims found all the facts necessary to establish the liability of the state for any legal damage caused by the leakage of the water through the walls and into the cellar of the claimant's building. The claimant testified that it would cost more than $300 to restore the building to the condition in which it was in the spring of 1891, before the water came in, and a mason called by him testified that it would cost $192

to repair the partition and outer walls. The claimant also gave proof tending to show that the diminution in the rental value of the premises during the two years prior to the presentation of the claim was several hundred dollars. The premises were rented during this time for the same amount as in previous years, but it was claimed that the rental value of property in Mechanicville had increased during the two years, and that the condition of the building caused by the leakage deprived the plaintiff of this benefit. The state offered no evidence to controvert the evidence given on behalf of the claimant on the question of damages, and the board made no personal examination of the premises.

It is quite apparent from the record that the board in making the award proceeded on the theory that the loss of rental value and the value of the labor expended by the claimant in placing the gravel in the cellar, constituted the true measure of damages. The award is explainable only on this theory. The board apparently concluded that there was no loss of rental value, and made the award of twenty-five dollars to cover the expense of gravelling the cellar. We think the board erred in respect to the rule of damages. The ordinary rule of damages in case of an unlawful injury to real property is the depreciation in value caused thereby. Where the injury is to a building and is one which admits of reparation at a reasonable cost, and this would be the ordinary method of remedying the injury, the cost of the reparation would generally measure the depreciation and the indemnity to which the owner would be entitled. In addition he would be entitled to recover any loss in rental value, if any, during such reasonable time as would be required to make repairs. In the nature of the case there can be no exact ascertainment of the loss incurred by the owner, but the rule stated will in most cases work out substantial justice. The right of action accrues as soon as the wrong is complete, and the owner cannot lie by, neglecting to make the necessary reparation, and hold the wrongdoer liable for loss of rental value for an indefinite period. (See *Barrick* v. *Schiffer-*

*decker*, 123 N. Y. 52; *Seely* v. *Alden*, 61 Pa. St. 302; *Holt* v. *Sargent*, 15 Gray, 97.) In this case the expense of placing gravel in the cellar to enable it to be used was in the nature of an expense of restoration which might properly have been allowed. The claimant was also entitled to be compensated for the injury to the walls and building, measured by the sum which it would be necessary to expend to restore them in a reasonable manner. So, also, he would be entitled to any loss of rental value during the time required to make the necessary reparations. The board, we think, erred in confining the right of compensation to the actual outlay made by the claimant in the partial restoration made by him and in refusing to consider the general claim for the injury to the walls and structure of the claimant's building. In reviewing this award, we pass no judgment upon the amount of damages the claimant should recover. His claim may be exaggerated, but, if so, this does not affect the question before us. We interfere in this case solely upon the ground that an erroneous rule or measure of damage was applied in ascertaining the sum to which the claimant was entitled.

The award should, therefore, be reversed and the claim remitted to the Board of Claims for further hearing.

All concur.

Award reversed.