Opinion by Mr.
Chief Justice Moore.
Marion Wood as plaintiff in the trial court filed a complaint against the above named plaintiff in error, hereinafter referred to as Western, in which she sought to recover damages to real property allegedly caused by a severe hailstorm. The property involved in the action was covered by an insurance policy issued by Western which contained a provision for recovery of loss caused by “Windstorm and Hail.”
Western denied liability on several grounds. However, the only questions presented in this court for determination are (1) whether there was competent evidence introduced upon the trial to support the judgment of $719 which was entered in favor of the plaintiff following a trial to the court; (2) whether error was committed by the trial court in permitting the plaintiff to “give her opinion on the market value of her home” before and after the hailstorm; and (3) that the trial court erred in considering the cost of repairing alleged damage to the roof of the building for the reason that no competent evidence with regard thereto had been received.
With reference to point (1) above we need only *171 say that the record before us clearly shows that the home of plaintiff was damaged by the hailstorm which occurred in the neighborhood in which she resided, on June 15, 1963.
With reference to point (2) above, the argument is that the measure of damages applicable to the case is not the difference in value before and after the storm, but is the reasonable cost of replacement or repair. Assuming that Western is correct in this assertion it affirmatively appears from the comments of the court when judgment was entered that value before and after the storm was not considered material, and that the judgment was entered upon the basis that the reasonable cost of replacement was the applicable measure of damages. The rule applied in Big Five Mining Co. v. Left Hand Ditch Co., 73 Colo. 545, 216 P.719 — quoting from Slavin v. State, 152 N.Y. 45, 46 N.E. 321 — which is the one that Western claims to be applicable, was the measure of damages actually applied by the trial court, and any error in permitting the plaintiff to testify concerning her opinion of value before and after the storm was clearly nonprejudicial.
We have read the evidence bearing on the claim of hail damage to the roof of the building and conclude that there was sufficient competent evidence to support the judgment of the trial court.
The judgment is affirmed.
Mr. Justice Sutton, Mr. Justice Day and Mr. Justice Hodges concur.