■ JAMES B. TAYLOR et al., Respondents-Appellants, v JOHN LEARDI et al., Appellants-Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for blasting and mining, (1) the defendants John Leardi, Joan Leardi and Emeri-Crete, Inc., appeal from so much of a judgment of the Supreme Court, Westchester County (Wood, J.), dated December 14, 1984, as, after a nonjury trial, is in favor of the plaintiffs and against them in the principal amount of $60,000 in compensatory damages; and (2) the plaintiffs cross-appeal from so much of the same judgment as denied them punitive damages and counsel fees.

Judgment affirmed insofar as appealed and cross-appealed from without costs or disbursements.

After determining that the blasting and mining operation constituted a private nuisance, Trial Term awarded the plaintiffs $60,000 in compensatory damages premised upon the damage to their residence and for "the attendant personal distress and discomfort one suffers who is subject to the blasting of explosives". The defendants appeal, arguing that the damage award was excessive, and the plaintiffs cross-appeal, contending that the court erred in denying them punitive damages and counsel fees. With respect to the award

of compensatory damages, our review of the record discloses that there was sufficient proof adduced at the trial to support the award. At the trial, one of the plaintiffs' experts estimated that the cost of repairing the damage to the plaintiffs' home would be approximately $18,800. Although another expert estimated that the market value of the home would be reduced by an amount less than the estimated cost of the repairs if no repairs were made, it has been held that "[w]here the injury is to a building and is one which admits of reparation at a reasonable cost, and this would be the ordinary method of remedying the injury, the cost of the reparation would generally measure the depreciation and the indemnity to which the owner would be entitled" *(Slavin v State of New York,* 152 NY 45, 48). Trial Term, therefore, could properly have credited the plaintiffs' estimate of repair costs in calculating the damages to the plaintiffs' residence. Moreover, Trial Term's award of damages to the plaintiffs premised upon personal distress and discomfort endured due to the blasting should not be disturbed. It is settled that discomfort and inconvenience caused by a disturbance to real property are valid grounds of recovery in an action to recover damages for a nuisance *(see, Dixon v New York Trap Rock Corp.,* 293 NY 509). At bar, there was evidence which the trier of fact could have credited indicating that the blasting took place within close proximity of the plaintiffs' home over a three-year period, that there were numerous blasts which sent tremors vibrating through the plaintiffs' home sufficient to rattle and break jars stored in cabinets, and that on certain occasions debris from the blast was showered onto the plaintiffs' property, all of which disturbed their occupancy of the premises and caused the plaintiffs to suffer emotional distress. In light of the foregoing, we cannot characterize the court's decision to award damages for emotional distress as erroneous or say that the award was excessive or unwarranted.

Finally, Trial Term properly declined to award the plaintiffs punitive damages and counsel fees. Trial Term's conclusion that the conduct involved was not actuated by evil or reprehensible motives was correct *(see, Walker v Sheldon,* 10 NY2d 401, 404). Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.