■ FRANJO TRANSPORT, INC., Appellant-Respondent, v B & K FLEET SERVICE, INC., Respondent-Appellant. [642 NYS2d 47] —In a replevin action pursuant to CPLR article 71, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered October 6, 1994, as, after a nonjury trial, failed to award it monetary damages for the value of the use of the property during the period of its detention, and the defendant cross-appeals from stated portions of the same judgment which is in favor of the plaintiff and against it, *inter alia,* directing it to return the plaintiff's property.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [d], [e]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, and the matter is remitted to the Supreme Court, Suffolk County, for the determination of damages for loss of use and entry of an amended judgment accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff commenced this replevin action to recover a trailer which it claimed was being wrongfully detained by the defendant. Following a nonjury trial, the Supreme Court determined that the plaintiff was entitled to the return of the trailer, but failed to award damages for the plaintiff's loss of use of the trailer during the period of its detention. The court found that there was insufficient evidence as to the value of the use of the trailer.

It is well settled that a plaintiff who prevails in a replevin action is ordinarily entitled to be compensated for the loss of

use of the property during the period of detention (*see*, CPLR 7108 [a]; *Michalowski v Ey*, 7 NY2d 71; *Rapp v Mabbett Motor Car Co.*, 201 App Div 283; *Spear v Auto Dealers Discount Corp.*, 154 Misc 801; *Dettmar v Burns Bros.*, 111 Misc 189, 192-193). Where, as in the instant case, the detained property has a usable value, the loss of use damages are commonly determined in accordance with the fair market rental value of the property (*see*, *Colonial Funding Corp. v Bon Jour Intl.*, 148 AD2d 654; *Smith Motor Car Corp. v Universal Credit Co.*, 154 Misc 100, *affd* 154 Misc 105; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 7108.08).

We find there was sufficient evidence of the rental value of the subject trailer upon which to base an award of loss of use damages. Indeed, the record demonstrates that at the outset of the trial, the parties stipulated to utilize the EBT testimony of their respective principals as both admissions by the parties and expert opinion evidence with regard to the value of the trailer and its use. The plaintiff's counsel subsequently read into the trial record the uncontroverted expert testimony of the defendant's president, who opined that the reasonable rental value of the subject trailer was $500 per month. Additionally, the plaintiff's president testified that he concurred in this rental value figure. Hence, the value of the use of the trailer (i.e., the fair market rental value) was adequately established by the expert testimony and the admission of the defendant's president, as stipulated to by the parties. Accordingly, we remit the matter to the Supreme Court for a determination of the plaintiff's loss of use damages at the rate of $500 per month during the period of detention and for the entry of an amended judgment accordingly. Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.