■ GERALDINE WARM et al., Plaintiffs, v STATE OF NEW YORK et al., Defendants, and NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent. PIROTTI & PIROTTI, LLP, Nonparty Appellant. [764 NYS2d 829] —In an action, inter alia, to recover damages for injury to real property, the plaintiffs' attorney, Pirotti & Pirotti, LLP, appeals from an order of the Supreme Court, Putnam County (Sweeny, J.), entered November 8, 2001, which granted the motion of defendant New York State Electric & Gas Corporation to impose costs and an attorney's fee against it pursuant to CPLR 8303-a, to the extent of awarding $40,000.

■ GERALDINE WARM et al., Appellants, v STATE OF NEW YORK et al., Respondents, et al., Defendants. [764 NYS2d 483] —In an action, inter alia, to recover damages for injury to real property, the plaintiffs appeal (1), as limited by their brief, from so much of a judgment of the Supreme Court, Putnam County (Sweeny, J.), entered November 19, 2001, as, after a nonjury trial, is in favor of the defendants State of New York, County of Putnam, Raichle-Molitor, Inc., and Medrex, Inc., and against them, and, on the ground of inadequacy, is in favor of them and against the defendant Harold Lepler in the principal sum of only $100,000, and failed to award them injunctive relief or punitive damages, and (2) from a judgment of the same court entered December 6, 2001, which, upon the granting of the mo-

tion of the defendant Terra 9 Associates pursuant to CPLR 4401 for judgment as a matter of law, is in favor of that defendant and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment entered November 19, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the judgment entered December 6, 2001, is dismissed as abandoned; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiffs are the executors of an estate that owns a large parcel of undeveloped land across from the Terravest Office Park on Route 312 in Putnam County. The defendants County of Putnam, Raichle-Molitor, Inc. (hereinafter Raichele), and Medrex, Inc. (hereinafter Medrex), each owned buildings on separate parcels within the office park. The defendant Harold Lepler was the acting managing director of a company that developed the site beginning in 1975.

In 1925 or 1926, the defendant State of New York installed a culvert underneath Route 312 to protect the roadway by diverting water. Water flowed downhill from the office park through the culvert, and onto the estate's property. Pursuant to a work permit and its amendments issued by the New York State Department of Transportation (hereinafter the DOT), the office park's developer was required to construct certain drainage facilities before the site could be completed. In 1992, after the plaintiff Geraldine Warm discovered an erosion problem emanating from the culvert, the DOT reviewed its files and discovered that the work permit had never been fully complied with. The plaintiffs subsequently commenced this action.

After a nonjury trial, the Supreme Court determined that only the defendant Harold Lepler was liable for trespass, and dismissed the plaintiffs' claims against the remaining defendants. The plaintiffs were awarded $100,000 to restore their property and install a drainage system to prevent future damage. The court denied the plaintiffs a permanent injunction to stop the flow of water onto the plaintiffs' property, and declined to award punitive damages.

While an appellate court's authority in reviewing a determination after a nonjury trial is as broad as that of the trial court, due deference is given to the trial court's determination (see Mechwart v Mechwart, 292 AD2d 354 [2002]; DiBruno v Abrams, 208 AD2d 672, 674 [1994]). Such a determination should not be disturbed on appeal unless it is unsupported by

legally sufficient evidence or could not have been reached by any fair interpretation of the evidence (*see A & S Trucking Serv. v New York State Thruway Auth.,* 268 AD2d 493 [2000]; *Greenberg v Behlen,* 220 AD2d 720 [1995]).

Here, the record supports the trial court's determination that there was insufficient evidence to demonstrate that the defendants Raichle and Medrex had the requisite intent to render them liable for trespass (*see Phillips v Sun Oil Co.,* 307 NY 328, 331 [1954]), or that the defendant County channeled surface water from its property onto the plaintiffs' property such that the quantity and speed of the water was substantially increased, causing damage (*see Iglesias v Dazi,* 253 AD2d 515, 516-517 [1998]). There was also no evidence demonstrating that the increased water flow through the culvert was the result of any action taken by the DOT or that a special relationship existed between the State and the plaintiffs requiring the State to enforce the Highway Law for the plaintiffs' benefit (*see Pearlman v Simons,* 276 AD2d 762, 763-764 [2000]). We further find that the Supreme Court's determination was based on a fair interpretation of the evidence (*see Greenberg v Behlen, supra*).

"With respect to the issue of damages, it is well settled that the determination of a fact-finding court should not be disturbed on appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially where the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Rigopoulos v State of New York,* 236 AD2d 459, 460-461 [1997]). The record supports the Supreme Court's determination that a monetary award of $100,000 was sufficient to restore the plaintiffs' property and prevent future injury.

The Supreme Court providently exercised its discretion in denying the plaintiffs a permanent injunction. "While equitable relief can be a proper remedy to prevent repeated or continuing trespasses even where damages are slight and nominal, equity may withhold the use of such discretionary authority if warranted by the circumstances" (*Danchak v Tuzzolino,* 195 AD2d 936, 937 [1993]; *Generalow v Steinberger,* 131 AD2d 634, 635 [1987]). Here, since the plaintiffs' own expert offered a solution to the property's drainage problem that would prevent further injury, the plaintiffs failed to demonstrate that they had no adequate remedy at law (*see Kane v Walsh,* 295 NY 198 [1946]). Furthermore, under the circumstances of this case, it would be inequitable to require the office park property owners, who were not liable for trespass, to further reduce the vol-

ume and velocity of water flowing from their properties when future damage to the plaintiffs' property can be prevented by other means.

The Supreme Court properly declined to award punitive damages (*cf. Nardelli v Stamberg,* 44 NY2d 500, 503-504 [1978]). "A party seeking to recover punitive damages for trespass on real property has the burden of proving that the trespasser acted with actual malice involving intentional wrongdoing, or that such conduct amounted to a wanton, willful, or reckless disregard of the party's right of possession" (*Litwin v Town of Huntington,* 248 AD2d 361, 362 [1998]). The plaintiffs failed to meet this burden.

The plaintiffs' remaining contentions are without merit. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.