Owen J. Peterson et al., Appellants, v Commerce Street Properties, Inc., Respondent. [854 NYS2d 494]—

In 1974 the plaintiffs purchased stock from, and entered into a lease with, the defendant corporation to operate an auto parts store in the mini-mall that constituted the corporation's sole asset. The original bylaws of the corporation provided that stock ownership and a lease were inseparable, and that they could only be conveyed as a unit. A "memorandum of agreement" entered into by the parties provided that the plaintiffs had the qualified right to sell their shares and terminate the lease upon assignment to a suitable new tenant/shareholder. In 1995 the defendant's bylaws were amended, inter alia, to sever the connection between the leases in the mini-mall and stock ownership in the corporation, provide for the unencumbered sale of the stocks, and increase the number of shares in the corporation.

In 1998 the plaintiffs defaulted on their lease by failing to pay rent. The plaintiffs entered into a contract for the sale of their stocks and assignment of their lease to a third party. At about the same time, the plaintiffs filed for bankruptcy, and thereafter the bankruptcy court terminated the plaintiffs' lease. The defendant then sold new shares to the plaintiffs' prospective buyer, and entered into a lease with it for the store previously rented by the plaintiffs. The defendant applied the proceeds of the sale to satisfy the plaintiffs' outstanding debt and costs associated with their default, and distributed the remaining proceeds evenly to all of the shareholders, including the plaintiffs.

The complaint alleges that the defendant's sale of stocks and issuance of a lease for the store previously rented by the plaintiffs, in effect, deprived the plaintiffs of the value of their shares. The defendant counterclaimed for the plaintiffs' arrearages and thereafter moved for summary judgment on the complaint and on the issue of liability on its counterclaim. The Supreme Court granted the defendant's motion, and the plaintiffs appeal.

The defendant established its prima facie entitlement to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The plaintiffs relinquished their claim to proceeds from the sale of the lease by defaulting on the lease, and the defendant's actions did not otherwise violate the memorandum of agreement, the defendant's bylaws, its fiduciary duty, or the Cooperative Corporations Law. In response, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Since this is an action, in part, for a declaratory judgment, the matter must be remitted to the Supreme Court, Westchester County, for the entry, after an inquest on damages on the defendant's counterclaim, of a judgment, inter alia, declaring that the subject contract is not null and void. Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.