■ WILLIAM A. ZUTT et al., Respondents, v STATE OF NEW YORK, Appellant. [915 NYS2d 496]—

In an action, inter alia, for permanent injunctive relief to abate a private nuisance, the defendant appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), entered October 20, 2009, which granted the plaintiffs' motion for summary judgment on their cause of action to permanently enjoin the defendant from draining water onto their property, and directed it to comply with the recommendations of the plaintiffs' expert to direct storm water away from the plaintiffs' property and into a natural stream nearby.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court properly granted the plaintiffs' motion for summary judgment on their cause of action to permanently enjoin the defendant from continuing to drain storm water runoff onto their property (*see Higgins v Village of Orchard Park*, 277 AD2d 989, 991 [2000], *cf. Warm v State of New York*, 308 AD2d 534, 536 [2003]). The plaintiffs made a prima facie showing of entitlement to

judgment as a matter of law, and the defendant failed to raise any triable issues of fact in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The conclusory assertions of the defendant's expert witness were insufficient to oppose the motion for summary judgment (*see generally Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Mandel v Benn*, 67 AD3d 746 [2009]).

"[A] court of equity has an obligation to go no further than absolutely necessary to protect the rights of the complaining parties. The injunction must be framed as narrowly as possible" (*Antinelli v Toner*, 74 AD2d 996, 997 [1980] [citations omitted]). Here, the Supreme Court properly directed the defendant to comply with the recommendations of the plaintiffs' expert to direct storm water away from the plaintiffs' property and into a natural stream nearby. Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.