■ VOLUNTEER FIRE ASSOCIATION OF TAPPAN, INC., Respondent-Appellant, v COUNTY OF ROCKLAND et al., Appellants-Respondents. [956 NYS2d 102]—

In or about May 2000, the defendant County of Rockland undertook a project to rebuild county roads by reconstructing certain pavement, curbs, and sidewalks. The work was performed by the defendant Morano Brothers Corp. In November 2007, after the project had commenced, Andrew M. Connors, the Deputy Superintendent of the County of Rockland Highway Department, decided to construct a raised curb on approximately 57 feet of roadway in front of the plaintiff's firehouse on Washington Street in the Town of Orangetown, and implemented a field change to the project accordingly. In response, the plaintiff commenced the instant action, inter alia, to recover damages for trespass, private nuisance, unlawful taking by eminent domain, and pursuant to 42 USC § 1983, contending, among other things, that the raised curb constituted a trespass upon its property and materially impeded access to and from its firehouse. Further construction work was halted on December 3, 2007, pursuant to a temporary restraining order.

By decision and order dated March 3, 2009, this Court awarded the plaintiff preliminary injunctive relief, and directed the defendants to remove the raised curb already installed, on the condition that the plaintiff post an undertaking pursuant to CPLR 6312 (b) (*see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 60 AD3d 666 [2009]). Since the plaintiff failed to

post an undertaking, the area along Washington Street in front of the plaintiff's property remained a construction site. Thereafter, on August 7, 2009, the parties entered into a stipulation of partial settlement, which allowed construction to proceed along the plaintiff's property pursuant to earlier plans dated January 8, 2006. On October 21, 2009, the plaintiff's property was restored to the condition it had been in prior to construction.

The action proceeded to trial before a jury. At the close of the plaintiff's case, the trial court, upon the defendants' motion pursuant to CPLR 4401, inter alia, directed the dismissal of the causes of action alleging unlawful taking by eminent domain and pursuant to 42 USC § 1983, and denied those branches of the motion which were for judgment as a matter of law dismissing the causes of action alleging trespass and private nuisance.

The jury found that the defendants trespassed onto the plaintiff's property, resulting in physical damage to the plaintiff's parking lot in the sum of $10,000 for the period from November 8, 2007, until December 3, 2007, and damages in the sum of $30,000 for loss of use of the parking lot for the period from November 8, 2007, until October 21, 2009. The jury further found that the defendants created a private nuisance, resulting in physical damage to the plaintiff's parking lot in the sum of $20,000 for the period from November 8, 2007, until December 3, 2007, and damages in the sum of $130,000 for loss of use of the parking lot for the period from November 8, 2007, until October 21, 2009. The total amount of damages awarded was $190,000.

Contrary to the defendants' contention, a municipality may be found liable for trespass and a private nuisance (*see Seifert v City of Brooklyn*, 101 NY 136, 142 [1886]; *M. C. D. Carbone, Inc. v Town of Bedford*, 98 AD2d 714 [1983]; *Ebbets v City of New York*, 111 App Div 364, 366 [1906]). The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission (*see Carlson v Zimmerman*, 63 AD3d 772, 773 [2009]; *Woodhull v Town of Riverhead*, 46 AD3d 802, 804 [2007]), or a refusal to leave after permission has been granted but thereafter withdrawn (*see Rager v McCloskey*, 305 NY 75, 79 [1953]; *Navarro v Federal Paper Bd. Co.*, 185 AD2d 590, 592 [1992]). Intent is defined as intending the act which produces the unlawful intrusion, where the intrusion is an immediate or inevitable consequence of that act (*see Phillips v Sun Oil Co.*, 307 NY 328, 331 [1954]). "Liability may attach regardless of defendant's mistaken belief that he or she had a right to enter" (*State of New York v Johnson*, 45 AD3d 1016, 1019 [2007]; *see Curwin v Verizon Com-*

*munications [LEC]*, 35 AD3d 645 [2006]). A cause of action alleging trespass is distinguishable from a cause of action alleging a de facto taking, since a trespass may be temporary in nature, whereas a de facto taking is permanent (*see Corsello v Verizon N.Y., Inc.*, 18 NY3d 777 [2012]; *Feder v Village of Monroe*, 283 AD2d 548, 549 [2001]). A cause of action alleging private nuisance is distinguishable from a cause of action alleging trespass in that trespass involves the invasion of the plaintiff's interest in the exclusive possession of its land, while a private nuisance involves the invasion of the plaintiff's right to the use and enjoyment of its land (*see Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61 [2009]; *Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977]). A private nuisance does not require any intrusion onto the plaintiff's property (*see JP Morgan Chase Bank v Whitmore*, 41 AD3d 433 [2007]).

The Supreme Court properly denied that branch of the defendants' motion pursuant to CPLR 4401 which was for judgment as a matter of law dismissing the causes of action alleging trespass and private nuisance. To grant such a motion, the court must, viewing the evidence in the light most favorable to the plaintiff, conclude that there is no rational process by which the jury could base a finding in favor of the plaintiff (*see* CPLR 4401; *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Nestro v Harrison*, 78 AD3d 1032, 1033 [2010]). Here, there was a rational process by which the jury could find that the defendants were liable for trespass and private nuisance.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746 [1995]; *Nicastro v Park*, 113 AD2d 129, 130 [1985]). A fair interpretation of the evidence adduced at the trial supports the jury's conclusion that the defendants, in the course of their construction project, performed work outside of the boundaries of the municipal defendants' right-of-way, causing physical damage to, and depriving the plaintiff of the use and enjoyment of, its property. Contrary to the defendants' contention, consequential damages such as repair costs, depreciation, and damages caused by discomfort and inconvenience are recoverable in tort actions to recover damages for trespass and private nuisance (*see Dixon v New York Trap Rock Corp.*, 293 NY 509, 514 [1944]; *Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd.*, 35 AD3d 317, 319 [2006]; *Taylor v Leardi*, 120 AD2d 727 [1986]).

On the question of damages, the $30,000 awarded for physical damage, consisting of $10,000 for trespass and $20,000 for

private nuisance, was supported by the weight of the credible evidence. However, the award of damages for loss of use, comprising the sums of $30,000 for trespass and $130,000 for private nuisance, was contrary to the weight of the credible evidence.

The measure of damages for permanent injury to property is loss of market value, or the cost of restoration, while the measure of damages for loss of use is the "decrease in the property's rental value during the pendency of the injury" (*Jenkins v Etlinger*, 55 NY2d 35, 40 [1982]; *see JP Morgan Chase Bank v Whitmore*, 41 AD3d at 435; *Franjo Transp. v B & K Fleet Serv.*, 226 AD2d 674 [1996]; *Putnam v State of New York*, 223 AD2d 872, 874 [1996]). Here, the plaintiff's expert, over the defendants' objection, calculated loss of use based upon a purported decrease in market value, notwithstanding that the injury to the plaintiff's property was only for a period of approximately two years. Further, the plaintiff's expert's calculations commingled damages for loss of use attributable to trespass with damages for loss of use attributable to private nuisance, which may have resulted in a double recovery for the same wrong. Accordingly, we grant a new trial with respect to damages for loss of use resulting from trespass and private nuisance.

The Supreme Court properly declined to permit the jury to consider punitive damages, since punitive damages are not recoverable against subdivisions of the State (*see e.g. Spano v Kings Park Cent. School Dist.*, 61 AD3d 666, 672 [2009], citing *Sharapata v Town of Islip*, 56 NY2d 332 [1982]). Moreover, the cause of action pursuant to 42 USC § 1983 was properly dismissed (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 628-629 [2004]).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Mastro, J.P., Skelos, Hall and Lott, JJ., concur.