FREYA MARONE et al., Appellants, v CHARLES M. KALLY et al., Respondents, et al., Defendant. [971 NYS2d 324]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to certain real property, and for a judgment declaring that the plaintiffs are the owners of the subject real property by adverse possession, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Strauss, J.), entered February 23, 2012, as, upon a decision of the same court (Thomas, J.H.O.) dated May 24, 2011, made after a nonjury trial, dismissed the first cause of action, which was to compel the determination of claims to certain real property and for a judgment declaring that the plaintiffs are the owners of the subject real property by adverse possession, and the third cause of action, which was to recover damages for trespass, insofar as asserted against the defendants Charles M. Kally and Mimi M. Kally.

Ordered that the judgment is reversed insofar as appealed from, on the facts, with costs, the first and third causes of action are reinstated insofar as asserted against the defendants Charles M. Kally and Mimi M. Kally, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment declaring that the plaintiffs are the owners of the subject real property by adverse possession and awarding them compensatory damages in the sum of $7,320, payable by the defendants Charles M. Kally and Mimi M. Kally.

In 2007, the plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims

to a strip of land between their real property and the real property of the defendants Charles M. Kally and Mimi M. Kally (hereinafter together the Kallys). In the complaint, the plaintiffs alleged that they became the owners of the subject strip of land by adverse possession in 2004, having erected a wall occupying the entirety of the strip in July 1994. The plaintiffs also sought to recover compensatory and punitive damages based on the Kallys' conduct of demolishing the wall in July 2007. After a nonjury trial, a Judicial Hearing Officer determined, in a written decision, that the plaintiffs failed to establish the requisite elements of adverse possession and that the complaint should be dismissed in its entirety. A judgment was thereafter entered dismissing the complaint.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]).

As an initial matter, during the trial, the plaintiffs presented evidence, in the form of a survey and the testimony of the surveyor, that the subject strip was actually on their property. The Kallys presented different surveys, purportedly showing that the strip was on their property. However, the Kallys' surveys lacked probative value, since the Kallys failed to present testimony from a land surveyor to attest to the accuracy of their surveys, or to interpret and explain them (*see Seaman v Three Vil. Garden Club, Inc.*, 67 AD3d 889, 890 [2009]; *Patterson v Palmieri*, 284 AD2d 852, 853 [2001]; *Greenberg v Manlon Realty*, 43 AD2d 968, 969 [1974]). Nevertheless, we decline the plaintiffs' request that this Court conform the pleadings to the proof (*see* CPLR 3025 [c]) and declare that the plaintiffs are the owners of the subject strip by deed. Because the plaintiffs' cause of action to compel the determination of claims to the subject strip was based only on adverse possession, and they never moved in the Supreme Court to amend their complaint, the Kallys were not on notice of the need to present proof of their ownership of the subject strip by deed. Accordingly, the Kallys would be prejudiced by so belatedly conforming the pleadings to the proof (*see Kimso Apts., LLC v Gandhi*, 104 AD3d 742 [2013]; *Matter of Nurayah J.*, 41 AD3d 477, 478 [2007]).

Nevertheless, we conclude that the plaintiffs demonstrated ownership to the subject strip through adverse possession. " 'A

party seeking to obtain title by adverse possession must prove by clear and convincing evidence . . . that (1) the possession was hostile and under claim of right; (2) it was actual; (3) it was open and notorious; (4) it was exclusive; and (5) it was continuous for the statutory period of 10 years' " (*Kelly v Bastianic*, 93 AD3d 691, 693 [2012], quoting *Skyview Motel, LLC v Wald*, 82 AD3d 1081, 1082 [2011]; *see Walling v Przybylo*, 7 NY3d 228, 232 [2006]). Additionally, since the adverse possession claim is not founded upon a written instrument, the plaintiffs must establish, in accordance with the law in effect at the time this action was commenced, that the disputed property was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL former 522; *see BTJ Realty, Inc. v Caradonna*, 65 AD3d 657, 658 [2009]; *Goldschmidt v Ford St., LLC*, 58 AD3d 803, 805 [2009]).

Here, the plaintiffs demonstrated that, by building and maintaining a wall along the subject strip, which was styled to match their house and attached to a gate attached to their house, they continually possessed the subject strip, for more than 10 years, in a manner that was open and notorious, exclusive, and inimical to the rights of the Kallys' predecessor (*see Estate of Becker v Murtagh*, 19 NY3d 75, 81-83 [2012]; *Walling v Przybylo*, 7 NY3d at 232; *Kelly v Bastianic*, 93 AD3d at 693-694; *Zeltser v Sacerdote*, 52 AD3d 824 [2008]; *Gaglioti v Schneider*, 272 AD2d 436, 436-437 [2000]). Contrary to the Supreme Court's conclusion, there was no indication that the wall was built with the permission of the Kallys' predecessor. The plaintiffs established that, when the wall was first built, the Kallys' predecessor lodged an objection to the wall with the homeowner's association, and the plaintiffs were forced to decrease the height of the wall (*cf. Goldschmidt v Ford St., LLC*, 58 AD3d at 805; *Koudellou v Sakalis*, 29 AD3d 640, 641 [2006]). It can reasonably be inferred from this evidence that the Kallys' predecessor believed the wall to be on the plaintiffs' property; otherwise, she simply could have removed it. Finally, the plaintiffs showed that they had improved the subject strip of land. Accordingly, the plaintiffs demonstrated, by clear and convincing evidence, that they were the owners of the subject strip of land by adverse possession (*see Walling v Przybylo*, 7 NY3d at 232; *Kelly v Bastianic*, 93 AD3d at 693-694).

Furthermore, the evidence warranted a finding that the Kallys committed a trespass when they demolished the subject wall. "The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission" (*Volunteer Fire Assn. of Tappan,*

*Inc. v County of Rockland*, 101 AD3d 853, 855 [2012]; *see Rager v McCloskey*, 305 NY 75, 79 [1953]; *Woodhull v Town of River-head*, 46 AD3d 802, 804 [2007]). "Intent is defined as intending the act which produces the unlawful intrusion, where the intrusion is an immediate or inevitable consequence of that act" (*Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 101 AD3d at 855, citing *Phillips v Sun Oil Co.*, 307 NY 328, 331 [1954]). In this case, the Kallys' own evidence established that they demolished the subject wall. The fact that the Kallys assumed the wall was on their property does not negate the element of intent, since "[l]iability may attach regardless of [the Kallys'] mistaken belief that [they] had a right to enter" (*State of New York v Johnson*, 45 AD3d 1016, 1019 [2007]; *see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 101 AD3d 853 [2012]; *Curwin v Verizon Communications [LEC]*, 35 AD3d 645 [2006]; *Burger v Singh*, 28 AD3d 695, 698 [2006]).

Since the subject strip was owned by the plaintiffs by adverse possession, the Kallys "[were] responsible for any damages that [they] caused to the plaintiffs' property by reason of [their] trespass" (*West v Hogan*, 88 AD3d 1247, 1250 [2011], *affd* 19 NY3d 1073 [2012]). Based on the evidence presented regarding the cost of replacing the wall, we find that the plaintiffs are entitled to an award of compensatory damages in the sum of $7,320 (*see Volunteer Fire Assn. of Tappan, Inc.*, 101 AD3d at 855-857; *Warm v State of New York*, 308 AD2d 534, 536 [2003]; *see also Dellaportas v County of Putnam*, 240 AD2d 358 [1997]). However, contrary to the plaintiffs' contention, an award of punitive damages is not appropriate, since they failed to meet their burden of establishing that the Kallys acted with "actual malice involving intentional wrongdoing, or that [the Kallys'] conduct amounted to a wanton, willful, or reckless disregard of [the plaintiffs'] right of possession" (*Litwin v Town of Hunting-ton*, 248 AD2d 361, 362 [1998]; *see Warm v State*, 308 AD2d at 537).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of an appropriate amended judgment, inter alia, declaring that the plaintiffs are the owners of the subject real property by adverse possession (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Skelos, Leventhal and Lott, JJ., concur.