Johnstone v Babad (2019 NY Slip Op 01579)





Johnstone v Babad


2019 NY Slip Op 01579


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
CHERYL E. CHAMBERS
BETSY BARROS, JJ.


2016-12306
 (Index No. 101580/13)

[*1]Douglas N. Johnstone, et al., appellants, 
v
Chaim Babad, et al., defendants, Kolel Beth Yechiel Mechil of Tartikov, Inc., respondent.


Tracy & Stilwell, P.C., Staten Island, NY (Rodney Stilwell of counsel), for appellants.
Howard M. File, Esq., P.C., Staten Island, NY, for respondent and defendant Chaim Babad.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful eviction, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Philip S. Straniere, J.), dated June 2, 2016. The judgment, upon a decision of the same court dated March 21, 2016, made after a nonjury trial, is in favor of the defendant Kolel Beth Yechiel Mechil of Tartikov, Inc., and against the plaintiffs in the principal sum of $495,103.92, and in favor of the defendant Kolel Beth Yechiel Mechil of Tartikov, Inc., and against the plaintiff Douglas N. Johnstone in the principal sum of $1,724,976.
ORDERED that the judgment is modified, on the law and the facts, by deleting the provision thereof which is in favor of the defendant Kolel Beth Yechiel Mechil of Tartikov, Inc., and against the plaintiff Douglas N. Johnstone in the principal sum of $1,724,976; as so modified, the judgment is affirmed, with costs to the plaintiffs.
On July 1, 1992, the plaintiff Douglas N. Johnstone entered into a three-year lease with Rossville Marine Terminal, Inc., to operate a driving range on a portion of Block 7167, Lot 70, in Richmond County, measuring approximately 1,200 feet by 600 feet (hereinafter the Rossville lease). Although the demised premises were never surveyed, their location was depicted on a diagram, which was incorporated into the Rossville lease. The Rossville lease also included a no-oral-modification clause.
Through a series of subsequent written amendments, the term of the Rossville lease was extended to September 30, 1997. In February 1997, the defendant Kolel Beth Yechiel Mechil of Tartikov, Inc. (hereinafter the Kolel), acquired title to all of Block 7167, Lot 70, as well as an adjacent property, from Rossville Marine Terminal, Inc.
Prior to the expiration of the Rossville lease, Johnston and a representative of the Kolel, the defendant Chaim Babad, allegedly reached an understanding whereby Johnstone would form a corporation to continue the operation of the driving range. Johnstone subsequently formed the plaintiff The Golf Center of S.I., Inc. (hereinafter the Golf Center), in August 1997, which [*2]continued to operate the driving range on the demised premises following the expiration of the Rossville lease.
In August 2007, the Golf Center, as landlord, entered into a lease with the defendant Cousins Paintball Staten Island, LLC (hereinafter Cousins), for the operation of a paintball facility on a 20-acre parcel of land belonging to the Kolel. It is undisputed that the paintball operations were not conducted on any part of the demised premises under the Rossville lease.
In mid-2013, the plaintiffs were evicted from the Kolel's property. The plaintiffs thereafter commenced this action, inter alia, to recover damages for wrongful eviction against, among others, Babad and the Kolel. Insofar as relevant to this appeal, the Kolel asserted counterclaims, inter alia, to recover damages against the plaintiffs, alleging that they were trespassers with respect to the 20-acre parcel leased by the Golf Center to Cousins. After a nonjury trial, the Supreme Court awarded the Kolel damages against the plaintiffs in the principal sum of $495,103.92 on the Kolel's counterclaim alleging trespass. In addition, the court found that Johnstone was personally liable to the Kolel for $1,724,960 of additional rent, under the Rossville lease, with respect to the 20-acre parcel used by Cousins. The plaintiffs appeal.
"In reviewing a determination made after a nonjury trial, the power of the [Appellate Division] is as broad as that of the trial court, and [this Court] may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Marone v Kally, 109 AD3d 880, 881; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Here, contrary to the plaintiffs' contentions, the evidence adduced at trial supported the Supreme Court's findings regarding the Kolel's counterclaim alleging trespass with respect to the 20-acre parcel used by Cousins (see Arcamone-Makinano v Britton Prop., Inc., 156 AD3d 669; Galchi v Garabedian, 105 AD3d 700, 701).
However, having found that the plaintiffs were trespassers with respect to the land used by Cousins, the Supreme Court could not also find that Johnstone was contractually liable for the payment of additional rent for the same land under the terms of the Rossville lease. "The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission" (Marone v Kally, 109 AD3d at 882 [emphasis added; internal quotation marks omitted]). If Johnstone had a contractual right to use the additional 20-acre parcel under the Rossville lease—a fact which the Kolel has steadfastly denied, both before the Supreme Court and on appeal—it follows that the plaintiffs would not have been trespassers (see Nyack Rural Cemetery v State of New York, 27 AD2d 762, 762).
Therefore, the Supreme Court should have limited the Kolel's recovery to damages for trespass.
SCHEINKMAN, P.J., MASTRO, CHAMBERS and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court