Treeline 175 Remsen, LLC v 200 SJA Montague, LLC (2023 NY Slip Op 03495)

Treeline 175 Remsen, LLC v 200 SJA Montague, LLC

2023 NY Slip Op 03495

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2021-02257
2021-02258
 (Index No. 519571/19)

[*1]Treeline 175 Remsen, LLC, appellant,
v
200 SJA Montague, LLC, respondent.

Morrison Cohen, LLP, New York, NY (Y. David Scharf, Gayle Pollack, and Michael Mix of counsel), for appellant.
Herrick, Feinstein, LLP, New York, NY (Joshua S. Stricoff of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant's easement over a portion of the easterly side of the plaintiff's property was extinguished, the plaintiff appeals from (1) an amended order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 12, 2020, and (2) an order of the same court dated March 18, 2021. The amended order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action for a judgment declaring that the easement was extinguished and that the defendant was responsible for removing all structures, fixtures, and conduits from the easement area only to the extent of declaring that the easement was extinguished and that the defendant was responsible for removing specified items from the easement area. The order denied the plaintiff's application to set the matter down for an inquest on the issue of damages.
ORDERED that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, and the plaintiff's application to set the matter down for an inquest on the issue of damages is granted; and it is further,
ORDERED that the amended order is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment on the first cause of action is granted in its entirety; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith, including an inquest on the issue of damages, and for the entry of an appropriate judgment thereafter, inter alia, declaring that the defendant is responsible for removing all structures, fixtures, and conduits from the easement area; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff and the defendant are the respective owners of two abutting parcels of real property in Brooklyn. By a recorded agreement dated June 30, 1960, the defendant's predecessor-in-interest was granted an easement over a portion of the easterly side of the plaintiff's property for use in connection with a drive-through banking business on the defendant's property, which at the time was owned by the plaintiff's predecessor in interest. The agreement provided that the easement would survive as long as the parcel now owned by the defendant was used for "banking purposes," and that, upon such termination of the easement, "all right, title and interest in and to same of the [original owner of the defendant's property], its successors and assigns, shall revert to the [plaintiff's predecessor in interest], its successors and assigns." In May 2017, the bank that had been operating on the parcel now owned by the defendant vacated those premises, but the defendant did not remove the structures, fixtures, or equipment that had been erected on the easement area.
Thereafter, in September 2019, the plaintiff commenced this action against the defendant seeking, inter alia, in the first cause of action, a declaration that the easement was extinguished and that the defendant was responsible for removing all structures, fixtures, and conduits erected and installed on the easement area, and in the second cause of action, damages for trespass. The plaintiff moved for summary judgment on the first and second causes of action. In an amended order dated November 12, 2020, the Supreme Court granted the plaintiff's motion but, with respect to that branch of the plaintiff's motion which was for summary judgment on the first cause of action, only to the extent of declaring that the easement was extinguished and that the defendant was responsible for removing "all mechanical equipment and partitions surrounding same that are trespassing on the easement, consistent with regulations concerning the fire code." Subsequently, the plaintiff made an application to the court for an inquest on the issue of damages. In an order dated March 18, 2021, the court denied the plaintiff's application. The plaintiff appeals.
The Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the first cause of action only to the extent of declaring that the easement was extinguished and that the defendant was responsible for removing "all mechanical equipment and partitions surrounding same that are trespassing on the easement, consistent with regulations concerning the fire code." Once the easement was terminated due to the defendant's property no longer being used for banking purposes, the defendant's permission to occupy the easement area ended and any items or structures belonging to the defendant that remained in the easement area constituted a continuing trespass (see Wlody v Birch Family Servs., Inc., 210 AD3d 1036; Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 855). Accordingly, the court should have granted that branch of the plaintiff's motion which was for summary judgment on its first cause of action in its entirety.
Moreover, given the Supreme Court's determination that the easement was extinguished and that the plaintiff was entitled to summary judgment on its second cause of action seeking damages for trespass, the court further erred in denying the plaintiff's application for an inquest on the issue of damages (see e.g. Jenkins v Etlinger, 55 NY2d 35; Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d at 857; Peterson v Commerce St. Props., Inc., 49 AD3d 836). Contrary to the defendant's contention, the plaintiff's entitlement to a declaration that the defendant was responsible for removing all "structures, fixtures, and conduits from the easement area" is not a bar to an award of damages for trespass (see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d at 857).
Since this is an action, in part, for a declaratory judgment, the matter must be remitted to the Supreme Court, Kings County, for the entry, after an inquest on damages, of a judgment, inter alia, declaring that the defendant is responsible for removing all structures, fixtures, and conduits from the easement area (see Lanza v Wagner, 11 NY2d 317).
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court